NAYLOR *v.* MOODY and Another, Executors.

Letters testamentary or of administration, granted in another state, will not authorise the executor or administrator to commence a suit in this state, unless the letters be previously recorded in the Circuit Court of the county in which the suit is commenced.

ERROR to the *Clark* Circuit Court.

SCOTT, J.—*Richard Moody* and *Polly Moody*, claiming to be executor and executrix of the last will and testament of *John Moody*, deceased, filed in the office of the clerk of the Court of Probate of *Clark* county, certain papers purporting to be letters testamentary, granted to them by the county Court of *Henry* county in the state of *Kentucky*, accompanied with the last will and testament of the said *John Moody*, deceased; and, on the same day, sued out a scire facias to revive a judgment of the *Clark* Circuit Court, in favour of the said *John Moody*, deceased, against *William H. Moore*, and to have execution thereon against the said *William H. Moore* and *Isaac Naylor* his replevin-surety. This scire facias was returned served upon *Naylor*, and not found as to *Moore*. *Naylor* appeared and filed three pleas; one of which was, that the letters testamentary, in the said writ mentioned, had never been entered of record in any Circuit Court within this state. To this plea the plaintiffs replied, that the said letters were entered of record as required by law. The matters in issue were submitted to the Court; and there was judgment for the plaintiffs, and execution awarded.

Our statute of *January* the 26th, 1824, sec. 28, provides, that letters testamentary and letters of administration, obtained in a sister state, shall have full force and effect within this state, and that the executors and administrators mentioned therein may sustain suits thereon, and do all other acts thereby authorised, upon having the same entered of record in any Circuit Court in this state. The letters testamentary, in this case, were filed in the clerk's office in vacation. It is not alleged that they were recorded; but it is contended that the requisition of the statute is answered by the filing of the papers in the clerk's office. We think the statute requires something

May Term,
1829.

NAYLOR
v.
MOODY.

more. Filing and. entering of record are not synonymous: they are no where so used. These phrases frequently occur in our statutes; and they always convey distinct ideas. Filing, originally, signified placing papers in order on a thread or wire for safe keeping. In this country, and at this day, it means, agreeably to our practice, depositing them in due order in the proper office. Entering of record uniformly means writing. It appears clearly, by the manner in which the words are used in our statutes, that the legislature has recognized this distinction. If this view of the case be correct, the plaintiffs below, at the time they sued out the scire facias, had not taken the steps necessary to authorise them to sustain a suit in their representative capacity. They should, instead of filing their papers in the probate office, have had them recorded with the proceedings of the Circuit Court, subject to the inspection and control of that Court, in case of any alleged defect or insufficiency. Whether the plaintiffs had, or had not, entitled themselves to sue as executors was a point directly before the Court on the issue; and the judgment should have been for the defendant (1).

*Per Curiam.*—The judgment is reversed with costs.

*Dewey* and *Naylor*, for the plaintiff.

*Farnham*, for the defendants.

(1) If a foreign executor wish to recover by suit, in *England*, a debt due to his testator, a personal representative must be constituted, by the spiritual Court in *England*, to administer *ad litem*. *Attorney General* v. *Cockerell*, 1 Price, 179.

An executor or administrator cannot, by virtue of letters testamentary or of administration granted in one state, maintain an action in any other state. *Fenwick* v. *Sears's Adm'rs.* 1 Cranch, 259.—*Dixon's Ex'rs.* v. *Ramsay's Ex'rs.* 3 id. 319.—*Morrell* v. *Dickey*, 1 Johns. Ch. R. 153.

"Letters testamentary, of administration, or of guardianship, granted in any of the states or territories of the *United States*, or in any foreign country, shall authorise the executor or administrator thereby appointed, to sustain actions and suits, and to do all acts coming within their powers as such, within this state, upon the same or copies thereof duly and legally authenticated, being produced and filed with the clerk of the Court in which such suits or actions are to be maintained, or within the jurisdiction whereof such acts are to be done. And such guardians, after having filed a copy of their appointment, and given bond and security under the provisions of this act, shall have all the privileges of resident guardians." R. C. 1831, p. 170.