Nov. Term, 1856.

Rogers
v.
Stevens.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*R. A. Chandler*, for the appellant.

*R. C. Gregory*, for the appellee.

---

8　464
153　390

Rogers *v.* Stevens and Another.

The provision of the statute that when a change of venue is directed the papers shall be transmitted forthwith, &c., means that they shall be transmitted as soon as it can reasonably be done.

But the costs must be paid by the party applying for the change, before the papers are sent.

If, therefore, a party obtaining an order for a change of venue fail to pay the costs within a reasonable time, he loses the benefit of the order; it ceases to operate after the expiration of such time; and the cause remains pending, as if no such order had been made.

Thus, at the *October* term, 1853, the *Decatur* Circuit Court made an order for a change of venue to the *Rush* Circuit Court. The costs were not paid, nor the papers transmitted till the *March* term, 1854, of the *Rush* Court. At its ensuing *April* term, the *Decatur* Court ordered the clerk of the *Rush* Court to return the papers, and that being done, tried the cause.

*Held*, that there was no error in this.

A will must be admitted to probate before it can be read in evidence.

Nov. Term,
1856.

ROGERS
v.
STEVENS.

Friday,
January 16,
1857.

APPEAL from the *Decatur* Circuit Court.

PERKINS, J.—Suit for the recovery of possession of real estate.

At the *October* term, 1353, of the *Decatur* Circuit Court, a motion, made by the defendant in the cause for a change of venue, was sustained, the Court ordering that the papers be transmitted to the *Rush* Circuit Court, to which the change had been granted, on payment of costs, without limit as to time within which the payment should be made.

On the 27th day of *March*, 1854, the first day of the spring term of the *Rush* Circuit Court, to which the venue had been changed, the defendant paid the costs, and the papers in the cause were transmitted to said Court.

At the *April* term following, of the *Decatur* Circuit Court, that Court ordered the clerk of the *Rush* Circuit Court to return the papers, and upon that being done, proceeded and tried the cause in the *Decatur* Circuit Court, the defendant excepting to each of the orders and proceedings of said *Decatur* Circuit Court, at said *April* term.

We think the Court did not err in ordering the *Rush* county clerk to return the papers, and in trying the cause.

The statute regulating changes of venue, provides that, upon the change being directed, the papers shall be transmitted forthwith, &c., which means, as soon as it reasonably can be done. But the costs must be paid by the party applying for the change before the papers are sent. If, therefore, the party obtaining the order for a change, fails to pay the costs within a reasonable time, he loses the benefit of the order; it ceases to operate after the expiration of such time; and the cause remains pending as if no order of change had been made. This rule is necessary to prevent frauds.

On the trial of the issues made in the cause, the Court permitted the last will and testament of one *Robert*

VOL. VIII.—30

*Rogers* to be proved and read in evidence, though it had never been admitted to probate, in the proper court. Exception was taken.

In *England*, a will disposing of personal property had to be proved in the Ecclesiastical Court, which had exclusive jurisdiction of the probate of such wills. It was otherwise with wills disposing of real estate. They were proved as other instruments of writing and deeds were, in any court of law in which a question upon them arose. Will. on Pers. Prop. side p. 258. Dr. *Paley*, in his Moral and Political Philosophy, says: "Anciently, when any one died without a will, a bishop of the diocese took possession of his personal fortune, in order to dispose of it for the benefit of his soul, that is, to pious or charitable uses. It became necessary, therefore, that the bishop should be satisfied of the authenticity of the will, when there was any, before he resigned the right which he had to take possession of the dead man's fortune in case of intestacy. In this way wills, and controversies relating to wills, came within the cognizance of ecclesiastical courts; under the jurisdiction of which, wills of personals (the only wills which were made formerly) still continue, though in truth, no more now-a-days connected with religion than any other instruments of conveyance. This is a peculiarity in the *English* laws."

In this State, exclusive jurisdiction of the probate of wills disposing of either real or personal property, was formerly vested in the Probate, and is now vested in the Common Pleas Court. See the statutes. And section 32, p. 316, 2 R. S. enacts that every will, after having been admitted to probate, &c., "may be read in evidence without further proof."

Now, as in *England*, a will, as to personalty, had to be admitted to probate in the Ecclesiastical Court, because that Court had exclusive jurisdiction of the probate; so, it would seem to follow that, in this State, a will as to either real or personal property should be admitted to probate in the court having exclusive jurisdic-

tion of such probate, before it could be read in evidence
in other courts; and we so decide upon the cases of *Tomp-*
*kins* v. *Tompkins*, 1 Story's R. 547.—*Shumway* v. *Hol-*
*brook*, 1 Pick. 114.—*Laughton* v. *Atkins*, 1 Pick. 535.—
*Kerr* v. *Moon*, 9 Wheat. 566.—5 Cond. R. 681.

*Per Curiam.*—The judgment is reversed with costs.
Cause remanded, &c.

*J. Gavin* and *J. R. Coverdill*, for the appellant.
*J. S. Scobey* and *W. Cumback*, for the appellees.