Rapp and Others *v.* Matthias.

———————•———————

# RAPP and Others *v.* MATTHIAS.

EXECUTOR.—*Sale of Real Estate by Foreign Executor.—Bond.*—In a proceeding for the sale of real estate in this State by a foreign executor, the sale is to be authorized in the same manner, and upon the same terms, as in the case of an executor appointed in this State, except that if it is shown that sufficient surety for the application of the proceeds has been given in the state or county where the executor was appointed, and a duly authenticated copy of such bond is filed in the court where the petition is made, no further bond will be required.

PETITION FOR SALE OF REAL ESTATE BY FOREIGN EXECUTOR.—The petition must show : 1st. What amount of personal property, if any, has come to his hands ; 2d.   The amount of the debts outstanding against the estate of the deceased, so far as the same can be ascertained, and the insufficiency of the personal estate to pay the same ; 3d.  A description of the real estate of the deceased liable to be made assets, showing the state and county where the same is located ; 4th.  The names and ages of the heirs, legatees or devisees of the deceased ; 5th.  That the executor has filed in the court an authenticated copy of his appointment ; 6th.  That the will of the testator has been duly probated.

WILL.—*Bequest for Life.—Heirs.—Children.*—A testator bequeathed all his real and personal property to his wife, "for her use and benefit during her natural life," and after her death all that remained unconsumed was to be sold, and one thousand dollars paid to his daughter S., and the balance was to be divided among the heirs of his daughter S., share and share alike ; the wife to have the right to sell and dispose of said property, both real and personal, as she wished.

*Held*, that the wife took only a life estate.

*Held*, also, that the evident intention of the testator was to secure his widow a competency, and if it was necessary that she should sell the land, she might do so ; but the balance of the estate unconsumed at her death she could not devise.

*Held*, also, that the word *heirs*, as used in the clause of the will which gave the estate, except one thousand dollars, to the heirs of his daughter S., meant *children.*

*Held*, also, that real estate purchased with the proceeds of the sale of the real estate

devised by the will to the wife for her life, after the death of the wife and the payment of the one thousand dollars to the daughter S., belonged to the children of S.

APPEAL from the Kosciusko Common Pleas.

DOWNEY, C. J.—The appellee, as executor of the will of Elizabeth Starris, deceased, filed his petition, stating therein that the personal assets of the estate amounted to about one hundred dollars; that the testatrix died seized in fee simple of the north fractional half of the north-west quarter of section three, and the north fractional half of the north-east quarter of section four, township thirty-four, range seven, except twenty-four acres off the west end of the north fractional half of the north-east quarter of section four, township and range aforesaid, and except a certain burying ground in the north-west corner of the said last named piece of land; that by the will of said testatrix said land was to be sold as soon as it legally could be sold; and that after the payment of all debts and funeral expenses, the balance was to be placed in the hands of the Trustees of the United Brethren in Christ of the Louisville Class, Nimiskillen township, Stark county, Ohio; said money to be held by said trustees or their successors forever, the interest to be used for the benefit of the poor of the Protestant churches residing in Nimiskillen township, Stark county, Ohio; said trustees shall determine who are the really poor, and give or pay out according to the best of their judgment; that said land is of the value of about three thousand dollars; that said testatrix left as her only child and heir, Sophia, intermarried with Joseph Rapp. The petition concludes with a prayer for the sale of said real estate, and is verified by the oath of the executor.

Sophia Rapp and Jacob Rapp demurred to this petition, on the ground that it did not state facts sufficient to constitute a cause of action, and their demurrer was overruled. On their own motion, Elias W. Rapp, Mary Rapp, Lydia Rapp, Elizabeth Rapp, Margaret Rapp, Caroline Rapp, Jacob Rapp, Jr., and David Rapp, children of Sophia and Jacob Rapp,

were made defendants to the action, and the last five of them being minors, a guardian *ad litem* was appointed for them.

Elias W. Rapp and the other children of Sophia and Jacob Rapp, the adults by attorney, and the infants by their guardian *ad litem*, answered jointly in three paragraphs; first, a general denial; second, that the plaintiff derived his title and right to sell said land by virtue of the will of said Elizabeth Starris, if he has any such right, and that said Elizabeth, at the time of making said will, and at the time of her decease, was the owner of a life estate only in the land set out in said will, and in plaintiff's complaint mentioned; that upon her death said land became the property of said defendants; and that she died on or about the — day of October, 1867; third, that on the 2d day of June, 1860, one Jacob Starris, then the husband of Elizabeth Starris, was the owner of certain real and personal estate in the county of Stark, and State of Ohio, of which county he was then a resident, and at said time and place he executed his last will and testament, filed as a part of this paragraph, in which will he devised to the said Elizabeth Starris, then his wife, a life estate in said real estate and personal property, and provided that all property received by her under said will which remained unconsumed by her at her death, should become and be the property of said defendants, share and share alike; that afterwards, in the year 1864, the said Jacob Starris died, leaving the said Elizabeth his widow, Joshua Yontz his executor, and said instrument in full force and effect as his last will and testament, which was legally admitted to probate in the said county of Stark; that afterwards his said executor sold the real estate in said county of Stark, of which said Jacob Starris died seized, and with the proceeds thereof the land set out in the will of Elizabeth Starris and in the plaintiff's complaint was purchased; that afterwards, on the 19th day of October, 1867, the said Elizabeth Starris died in said county of Stark; that she received from her said husband by virtue of said will property, other than that invested in the land in the complaint set out, sufficient to

comfortably support and maintain her during her life; and that such property did support and maintain her, and at her death she left out of said other property a surplus sufficient to pay all debts contracted for her support, and to pay all personal expenses; and that she left at her death said land so purchased with said proceeds of her husband's estate so unconsumed, and that the same is now the property of the defendants; wherefore they say that an order for the sale of said property should not be made.

The will of Jacob Starris, a copy of which is filed with this answer, is as follows:

"In the name of the benevolent Father of all, I, Jacob Starris, of the county of Stark, in the State of Ohio, do make and publish this my last will and testament, in manner and form following:

"First. I direct that my body be decently interred and my funeral conducted in a Christian-like manner.

"Second. I give, devise, and bequeath unto my beloved wife, Elizabeth Starris, all my real and personal estate in my possession, for her use and benefit during her natural life, and after the death of my wife, Elizabeth, said property, both real and personal, that may remain unconsumed, shall be appraised by three disinterested freeholders, and sold at private or public sale by my executor; and when final settlement is made by my executor, then I direct my executor to pay to my daughter Sophia, intermarried with Jacob Rapp, the sum of one thousand dollars, and the balance I direct to be equally divided, share and share alike, among the heirs of my said daughter Sophia.

"One thing yet; I direct that my wife shall have the right to sell and dispose of said property, both real and personal, if she wishes; and I also direct my wife to pay my debts and funeral expenses as soon as possible after my death; and lastly, I do hereby appoint my friend, Joshua Yontz, to be my executor of this my last will and testament."

The will was properly signed, attested, and probated.

The plaintiff demurred to the third paragraph of this an-

swer for the reason that it did not state facts sufficient to constitute a defense. The demurrer was sustained, and the point reserved by exception.

The defendants then moved the court to certify the case to the circuit court, on the ground that the title to real estate was in question; which motion was overruled. But this question is not properly reserved by bill of exceptions.

At this stage of the case, Joshua Yontz, the executor of the will of Jacob Starris, was made a defendant by agreement of the parties, and filed his answer as follows: first, a general denial; second, alleging the making of the will by Jacob Starris, his decease, the probate thereof, his appointment as executor; that he is yet acting as such; that he paid all the debts of said deceased and his funeral expenses, and delivered the property not used for these purposes over to the said Elizabeth Starris, to be used according to the will; that the land in Ohio was sold, and the money invested in the real estate in the complaint mentioned, as a safe investment of said money; that the widow received out of the estate of said Jacob Starris money and property, other than that invested in said land, sufficient to support and maintain her during her life, and which did so maintain her, and at her death she left more than enough money to pay the expenses of her last sickness and her funeral expenses; that she had no other title to said land than that derived from said will. A copy of the will of Jacob Starris is made part of this answer also. The plaintiff filed a demurrer to the second paragraph of this answer, which was also sustained and an exception taken.

Jacob and Sophia Rapp answered, first, that said Sophia is the daughter of said Elizabeth Starris, whose will is referred to in the plaintiff's petition, and Jacob Rapp is her husband, and they are her only heirs-at-law living at the time of her death; that she died in the month of July, 1867; that at the time of making said will by her, she was not of sound mind, but was insane, imbecile, and so weak in mind as to be incapable of making a will, and had no knowledge how she

desired to dispose of her property, but was wholly incapable of doing any business whatever at said time; second, they deny each and every allegation of the complaint.

The plaintiff replied to the second paragraph of the answer of Elias W. Rapp and others, by admitting that he claimed his right to sell said land by the will of said Elizabeth Starris, but denying that she was seized of a life estate merely in said property, and averring that she was seized thereof in fee simple. He also replied to the first paragraph of the answer of Sophia and Jacob Rapp, by a general denial thereof.

Upon these issues the case went to a jury, who returned a general verdict for the plaintiff and also answers to certain special interrogatories which were propounded to them.

There was a motion for a new trial made by the defendants, which was overruled; and judgment was rendered for the sale of the land, the plaintiff having filed an inventory and appraisement, and satisfied the court that he was bound by sufficient bond and security in the court in Ohio from which he received his appoinment as executor.

The first error assigned relates to the correctness of the action of the court in overruling the demurrer to the petition. As it appears elsewhere in the record that the will of Elizabeth Starris was executed and probated in the State of Ohio, and the petitioner there appointed as executor, we assume that this was intended as a proceeding by a non-resident or foreign executor for the sale of real estate, under sections 95, 96, and 97, 2 G. & H. 513 and 514. These sections are as follows:

"Sec. 95. When any executor shall be appointed without, and there shall be no executor within, this State, the testator not having been at the time of his death an inhabitant thereof, the executor so appointed may file an authenticated copy of his appointment in the court of common pleas of any county in which there may be real estate of the deceased, after which he may be authorized by such court to sell real

estate for the payment of debts or legacies, in the same manner, and upon the same terms, as in the case of an executor appointed in this State, except as hereinafter provided.

"Sec. 96. Whenever it shall appear to the *court* that such foreign executor is bound with sufficient sureties in the State or county in which he was appointed, to account for the proceeds of such sale for the payment of debts or legacies, and a copy of such bond, duly authenticated, shall be filed in such court, no further bond shall be required of him there; if, however, he is not thus sufficiently bound, he shall give bond in said court as is required of executors appointed in this State.

"Sec. 97. All proceedings by a foreign executor in respect to the sale of land shall be had in the court in which such authenticated copy of his appointment is first filed; and such court shall have exclusive jurisdiction to direct the sale of any lands of the testator situated in any county in this State."

In order to test the sufficiency of this petition, as the sale is to be authorized in the same manner and upon the same terms as in the case of an executor appointed in this State, we must refer to the sections by which executors appointed in this State obtain authority to sell the real estate of their testators.

Section 75, 2 G. & H. 506. provides what shall be shown by the petition. Looking to that, we find that the petition in this case is defective in several particulars; first, it does not state what amount of personal property, if any, has come to his hands as such executor. It does state that the personal assets of the estate amounted to about one hundred dollars, but does not show that they came to his hands, or what became of them; second, it does not show the amount of the debts outstanding against the estate of the deceased, so far as the same could be ascertained, and the insufficiency of the personal estate to pay the same; third, it gives no sufficient description of the real estate of the deceased liable to be made assets, &c. It is not shown to be in any county

in the State of Indiana, and for aught that appears may be out of the State; fourth, it does not state the names and ages of the heirs, legatees, or devisees of the deceased; it does state that the testatrix left, as her only child and heir, Sophia, intermarried with Joseph Rapp. But this does not fulfil the requirement of the statute.

Besides these objections, it seems to us that the petition should have shown that the executor had filed in court an authenticated copy of his appointment, as it was only after he had done so that he might be authorized to sell real estate of the deceased.

We are aware that this court has decided that, to enable a foreign executor or administrator to sue in this State, it is not necessary that he should first have filed an authenticated copy of his appointment; but this is under a different statute and does not affect the question before us. A former statute on that subject, which was construed in *Naylor* v. *Moody*, 2 Blackf. 247, was more like the statute now in question, and it was there held that the appointment must be filed and recorded before the executor or administrator could sue.

The petition does not show that the will of the petitioner's testatrix had been probated anywhere. Unless it had been, he could not sell land under its provisions, or legally record letters testamentary.

A more important and vital question in the case is as to the proper construction of the will of Jacob Starris, under which the petitioner's testatrix claimed. What was the quantity of her estate in the property left by her deceased husband, according to his will? Was it an estate of inheritance, or not of inheritance? a life estate, or a fee simple? Were it not for the latter clause of the will, it would be entirely clear that she took only a life estate. But it is contended, and the common pleas held, that the clause giving her power to sell and dispose of the property had the effect to give her a fee simple. We do not think so. Had she seen fit to sell the real estate, she had the right to do so, and the purchaser would have obtained a good title to the same. But, in

fact, she did not sell it, but it was sold by the executor. We think, whether the land was sold by her or by the executor, the part of the estate left unconsumed at her death went by the will to other parties, and could not be devised by her. The fact that the land mentioned in the will of Jacob Starris was sold by the executor, and the money derived from it invested in the land in question, does not give to Elizabeth Starris any better claim to it than she had to the lands left by her husband. The evident intention of the husband was to secure his widow a competency, and if it was necessary thereto that she should sell the land, she might do so, but the balance of the estate unconsumed at her death she could not devise.

A question of some interest arises on that part of the will which gives the estate except one thousand dollars to the "heirs" of Sophia Rapp. Sophia Rapp was living, and *nemo est hæres viventis.* But we conclude that the word heirs in this will was intended to mean children, and that therefore the children of Sophia Rapp are the owners of the part of the estate in question.

It appears that twenty-four acres of the land purchased with the estate of Jacob Starris, and conveyed to Elizabeth Starris, were conveyed by her to Sophia Rapp, in payment of the one thousand dollars given to her by the will, and the balance of the tract is the land sought to be sold.

There are other questions argued, but we need not examine any more of them.

The judgment is reversed, with costs, and the cause remanded.

*M. J. Long, E. V. Long,* and *S. J. North,* for appellants.

*G. W. Frazier, H. S. Riggs,* and *E. A. Haymond,* for appellee.