No. 6991.

## PITTS ET AL. *v.* MELSER.

WILL.—*Probate.*—*Pleading.*—Until a will has been probated, it can neither operate to vest or establish, nor be used as evidence of, a right claimed thereunder; and a complaint to establish title thereunder must allege that such will has been probated in some county in this State, either as a domestic or foreign will.

SAME.—A will, when properly probated, is operative from the date of the testator's death.

From the Shelby Circuit Court.

*A. Major* and *S. Major*, for appellants.

*B. F. Love, T. B. Adams, L. T. Michener* and —. —. *Morrison*, for appellee.

Woods, J.—Judgment was rendered in favor of the appellee upon his demurrer to the complaint, the appellants excepting to the ruling and refusing to amend.

The complaint alleges that Henry Stuck, of Boone county, Ky., preparatory to his going to California, made his will on the 10th of December, 1849, devising to two of his daughters and his wife his real estate in Kentucky, in fee simple, and devising to his daughter, "Angeline Biggs, and her children," his real estate in Shelby county, Ind., a part of which is in controversy in this case.

When the will was made, Mrs. Biggs had a child living, born the 10th of November, 1849, which died the 4th of December, 1850. The will was probated the 15th of November, 1851, in Boone county, Ky. On the 20th of November, 1851, a child was born, which died the 23d of November, 1851. Afterward the plaintiffs were born. Mrs. Biggs died in July, 1877. On the 16th of September, 1857, Mrs. Biggs and husband conveyed to the defendant, Melser, the land in controversy. In January, 1850, the testator left Boone county, Ky., for California, and has not been heard from since.

The plaintiffs are children of said Angeline Biggs, born after the alleged probate of said will, and presumably after the death of said testator ; and the prayer of their complaint is, "that the court do settle, adjust and determine the several rights of said plaintiffs and said Melser in said lands, and decree partition thereof accordingly among them ; and that said Melser account with the plaintiffs for the rents, profits and use of said lands since March, 1857, and all other proper relief."

In support of their claim for an interest in said lands, the counsel of appellants advance two propositions, to wit:

1. "That Mrs. Biggs took a life-estate in the land, and, upon her death, her children then alive took the remainder in fee as tenants in common, whether born before or after testator's death, whether the testator died after the

death of the first child, who died 4th of December, 1850, and before the quickening of the second child, born 20th of November, 1851, or died during the existence of either the first or second child.''

2. "If the testator died while the child that was alive when the will was made was in existence, or if the testator died while the child that was born the 20th of November, 1851, was *in ventre sa mere*, then Mrs. Biggs and all her children were seized as tenants in common, which opened up and let in all after-born children.''

We do not find it necessary to follow the counsel of the respective parties in their very able and elaborate arguments for and against these propositions. If either were conceded to the appellants, still, upon the facts stated, they had no standing in court. The will, under which they claim, is not shown to have been probated in Shelby county, or elsewhere in this State, either as a domestic or foreign will, and, until such probate has been had, a will can neither operate to vest or establish, nor be used as evidence of, a right claimed thereunder. *Naylor* v. *Moody*, 2 Blackf. 247 ; S. C., 3 Blackf. 92 ; *Rogers* v. *Stevens*, 8 Ind. 464 ; *Thieband* v. *Sebastian*, 10 Ind. 454 ; *Lucas* v. *Tucker*, 17 Ind. 41 ; *Kerr* v. *Moon*, 9 Wheat. 565 ; *The State, ex rel. Splain*, v. *Joyce*, 48 Ind. 310, opinion of BUSKIRK, C. J.

Once properly probated, a will is, of course, made operative by relation from the date of the testator's death.

In the case cited, of *Kerr* v. *Moon*, 9 Wheat. 565, the devise was of lands in Ohio, but the will had been executed and probated in Kentucky. Title was claimed under the will only. The court says : "It was as essential, therefore, to the establishment of that title, to allege in the bill, and to prove by the evidence, or by the admission of the defendant, that this will had been proved and recorded, according to the laws of Ohio, as to set forth and prove the existence

of the will itself. The defect in the title of the respondents appears upon the face of the bill,'' etc.

This is exactly applicable to the petition of the appellants. The demurrer was properly sustained.

Judgment affirmed, with costs.