Filed Feb. 14, 1884.

---

No. 11,249.

### HOPKINS, ADMINISTRATOR, v. QUINN.

DECEDENTS' ESTATES.— *Will.—Claims.— Widow.—Estate for Life.*—A complaint against an estate alleged a will, whereby the testator's entire property was given to his widow for life, with power to make a specific disposition of the " remaining part" thereof by will ; that the will also had a provision giving the widow his " stock, personal property and money during her natural life"; that the plaintiff performed work and labor and furnished goods to the widow necessary to her support in her last sickness and for her funeral after the testator's death, specified in an annexed bill of particulars.

*Held*, that the complaint was bad on demurrer.

*Held*, also, that the will created no charge on the estate for the benefit of the widow, but gave her an absolute estate for life, and she could create no charge thereon to operate after her death.

From the Hendricks Circuit Court.

*C. Foley*, for appellant.

FRANKLIN, C.—Appellee sued appellant on a claim against ·the estate of John Ward, deceased.   A demurrer to the complaint was overruled, and an answer of set-off was filed, to which a demurrer was sustained.   There was a trial by jury, verdict for the plaintiff, and judgment rendered upon the verdict.   The errors complained of are the overruling of the demurrer to the complaint, and the sustaining of the demurrer ·to the answer.

Hopkins, Administrator, *v.* Quinn.

The complaint is as follows:

"Comes now said plaintiff and complains of said defendant, and says that the defendant's decedent departed this life on the — day of December, 1876, testate, leaving the following will:

"'Brownsburg, Hendricks county, Indiana, November 25th, 1876. The last will and testament of John Ward. Considering the uncertainty of this life, and being in sound mind and memory, I do make and publish this my last will and testament, in manner and form following, to wit: I hereby constitute and appoint my wife, Ellen Ward, to be the sole executrix of this my last will, directing her to pay all my just debts and funeral expenses, and the legacies hereinafter given, out of my estate.

"'*Second.* I give and bequeath to my wife, Ellen Ward, all the personal estate and real estate owned by me at my death, during her natural life, and at her death I will that she equally give and bequeath the remaining part of my property among her heirs and mine, viz.: Timothy Quinn, James Quinn, Hannah Mullen, her brothers and sisters and their heirs; and Thomas Ward, Mrs. Catharine Logan, my brother and sister; also, my sister, Mary Ward and her heirs, and the heirs of my brother and sister, Mrs. Catharine Logan.'"

There are some other special bequests that are unnecessary to be set forth.

The will has an *addendum* to it, as follows: "I will and bequeath to my wife all my stock, personal property and money during her natural life."

"And plaintiff says that by virtue of said will the said Ellen Ward was to have full right, title, possession and control of said property for her maintenance and support, with power of disposition, and to charge the same for that purpose, and that her comfortable support during life and the expenses of her sickness and her funeral expenses were, by the terms of said will, made a charge upon said estate, and plaintiff says that he rendered the services, furnished the board, and furnished the articles and money mentioned in the bill of particulars

hereto attached, which is made a part hereof, at the special instance and request of the said Ellen Ward. And plaintiff says that there is due him from said estate on said account the sum of $511.45, for which he asks judgment," etc.

The bill of particulars mentioned in the complaint is an account for boarding the testator's widow since his death, money loaned her, tile furnished her, ditching done for her, and expenses of her sickness and funeral.

Appellee has furnished us no brief, and we are left to conjecture the theory upon which the complaint was held good by the court below, from the language of the pleader, the substance of which is, that the devise to Ellen Ward was for her support, and for the expenses of her sickness and funeral, and that the same was made a charge upon the property willed.

Taking the whole will together, and particularly the second clause, with the *addendum*, there was an estate willed to the widow in all the property, with remainder over to certain legatees named, after all the specific legacies were paid. There is no charge upon the property whatever made on behalf of the widow. The estate was absolutely hers so long as she lived. Whatever power of disposition was given, other than by consumption in user, could only be exercised by her executing a will, equally giving and bequeathing the remainder of the property at her death to the heirs therein specified. And as this was not done, she could make no other disposition affecting the remainder of the property after her death.

In the case of *Eltzroth* v. *Binford*, 71 Ind. 455, the will was very similar to the one under consideration, except it had no provision for the widow willing the remainder to specified heirs, and as this provision in the will under consideration was not carried out, they stand in a similar condition.

In the case above referred to, the widow entered into a written contract for her support, making the payment therefor a charge upon the property willed to her for life. After her death the contract was attempted to be enforced, and this

court held that it could not be done, using the following language in the opinion :

"The will evidently conferred no power upon the said Leah to create any lien upon, or to make any charge against, the real estate in suit, which could be made operative or effectual since her death. This construction of the will appears to us too obvious to require the citation of authorities in support of it. The plain reading of the will precludes the idea of her having any disposing power over the property, beyond her lifetime, or of her leaving any interest in the property which could be sold, after her death, for the payment of her debts. The first paragraph of the complaint was therefore clearly bad upon demurrer."

We think this case is decisive of the proper construction of the will under consideration, and that the theory upon which the complaint is based is not supported by the will, and in addition to the complaint being defective in theory, it is also bad for other reasons. This is a suit against the administrator with the will annexed of the estate of the testator, and not against the administrator of the estate of the widow. The complaint says nothing about her estate ; for aught that appears in the complaint, her estate may have been amply able to pay all her debts, outside of the property willed to her for life by the husband. But if that be not so, before a claim against the testator's estate could be enforced, under and by virtue of the will, the will must be shown to have been probated. A will has no force or effect until it has been probated. Until it has been probated, it can not be used as evidence even on a trial. *Rogers* v. *Stevens*, 8 Ind. 464; *Thieband* v. *Sebastian*, 10 Ind. 454.

This complaint simply alleges that the testator departed this life, leaving the following will, and says nothing about what became of it, or whether it was ever probated.

In the case of *Pitts* v. *Melser*, 72 Ind. 469, the court held that the plaintiffs, upon the facts stated, had no standing in

court, and the following language is used : " The will, under which they claim, is not shown to have been probated in Shelby county, or elsewhere in this State, either as a domestic or foreign will, and, until such probate has been had, a will can neither operate to vest or establish, nor be used as evidence of, a right claimed thereunder." See the authorities therein cited.

There is also another fatal defect in the complaint. The plaintiff, in order to make a good claim through the widow, under the will, against the estate of the testator, must not only show that there was a will, and that it was properly probated, but he must also show that the widow elected to take, and did take, under the will; otherwise she will be presumed to have taken under the law. *Leach* v. *Prebster*, 39 Ind. 492; *Heavenridge* v. *Nelson*, 56 Ind. 90; *Wetherill* v. *Harris*, 67 Ind. 452.

When a right depends upon the fact that the widow did elect to take under the will, the party asserting the right must allege the fact. *Wilson* v. *Moore*, 86 Ind. 244.

The court erred in overruling the demurrer to the complaint, for which error the judgment must be reversed; and as this disposes of the whole case, it is unnecessary to consider the ruling upon the demurrer to the answer of set-off.

The judgment ought to be reversed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is in all things reversed, at the costs of appellee, and that the cause be remanded, with instructions to the court below to sustain the demurrer to the complaint, and for further proceedings in accordance with this opinion.

Filed Feb. 20, 1884.