BRADFORD ET AL. *v.* FIRST NATIONAL BANK, ADMINIS-TRATOR.

[No. 13,288.   Filed January 10, 1929.   Rehearing denied April 19, 1929.   Transfer denied November 22, 1929.]

*John A. Kersey* and *Eichhorn, Gordon & Edris,* for appellants.

*G. A. Henry,* for appellee.

NICHOLS, J.—Action by appellants against appellee

and another to revoke the administration of the estate of Charity Jones, deceased, so that they might probate her will, and to enjoin all further proceedings in such administration.

To the complaint there was an answer in denial, and a second paragraph of answer, to which appellant's demurrer was overruled. Appellants refusing to plead further, and electing to stand by their demurrer, judgment was rendered for appellee, and that appellants take nothing. The error assigned is the action of the court in overruling appellant's demurrer to the second paragraph of answer.

It is averred in the complaint: That on March 19, 1925, Charity Jones, formerly Charity Thompson, the childless aunt of appellant Charles A. Bradford died in Grant county, testate, owning certain real estate in said county, reasonably worth $1,200; that, on March 3, 1925, she made her last will, by which she devised and bequeathed all her property, after debts were paid, to appellants, and nominated appellant Charles A. Bradford as the executor of her will; that at her death Mrs. Jones was living separate from her husband, and her suit against him for a divorce was pending; that she left no child or descendant surviving her; that, on March 19, 1925, said husband, for valuable considerations, released and quitclaimed said land to appellant Charles A. Bradford; that, at her death, she owed no debts that have not been fully paid by appellants, even to the expense of her last sickness and funeral, she having died in their home, they having nursed and cared for her during her said last sickness, and her funeral was held from their residence; that on September 1, 1925, the defendant Blount (as to whom the cause was dismissed before appeal), well knowing of the existence of the said will, and pretending to be a creditor of Mrs. Jones, and that her estate owed her $250, falsely swore that Mrs. Jones

died intestate, and fraudulently procured the appointment of appellee as administrator of the estate; appellee, by its president, then well knew of the existence of said will, and that it could not lawfully administer said estate, unless appellant Charles A. Bradford, named as executor in such will, should renounce said trust, or refuse, on due notice, to qualify as such executor; that, on November 16, 1925, said Blount filed a pretended claim against the said pretended administrator for $250, services she claimed to have performed for Mrs. Jones, and the same was transferred to the issue docket and allowed in full on February 1, 1926, by the court; that, on March 8, 1926, appellee, as the pretended administrator, petitioned the court for, and obtained, an order to sell said land for the payment of the said claim and costs of administration, which order was later vacated, and appellee filed an amended petition for the sale of said real estate, and obtained a pretended order therefor on October 21, 1926; that, in each of the said petitions, the president of appellee bank, the pretended administrator, swore that Mrs. Jones had died intestate, he at the same time well knowing of the existence of the said will; that, by reason of the premises, all said proceedings are fraudulent and void, the obtaining of the pretended administration itself being a fraud on the court; that appellee, as the pretended administrator, threatens and is about to sell said land, pursuant to the said pretended order of sale.

Appellants pray judgment that the said pretended administration be revoked, that the said will be admitted to probate, and that appellee be perpetually enjoined from all further action in any and all the aforesaid proceedings.

The second paragraph of answer avers that during all the period from the death of Mrs. Jones to September 1, 1925, her estate remained unadministered, although there

were creditors thereof whose claims were unpaid; that, upon the application of one of such creditors, appellee was, by the court, duly appointed and duly qualified as administrator of said estate on September 1, 1925, and, without knowledge of any will or of any of the rights alleged in the complaint as then existing in favor of appellants, entered upon its duties as such, and continued thereafter to act as such administrator; that, in due course of administration, it became necessary, in order to meet the debts of said estate, to sell certain real estate owned by decedent, and appellee did, on March 6, 1926, file in this court its petition to sell the same, and, after due notice to appellant Charles A. Bradford an order of sale was made by the court, which, however, was vacated, and afterward, appellee filed an amended petition to sell said real estate on October 7, 1926, and appellants were each made defendants thereto, to answer to any interest they or either of them might have in such real estate; that due notice of the pendency of such amended petition was duly served on each of them by the sheriff on October 21, 1926; that appellee sold said real estate and continued in settlement of said estate until such settlement was completed, all debts, charges and everything paid, and appellee has its final report ready to file in this court in conclusion of the settlement of said estate; that, from the time of its appointment as such administrator until now, appellee says that it acted in good faith and without any knowledge of the existence of, or truth of the facts alleged in appellant's complaint; that it had no knowledge at any time of the existence of any will as alleged, nor of any reason why it should not act as such administrator; that its appointment, as such, was accepted in good faith and absolutely without any fraudulent purpose or intent toward appellants or any person whatsoever; that, during all the period of the settlement of said estate from September 1, 1925 until

now, appellants, nor either of them, have not claimed or tried to exercise any right or control over said estate, or probate any will, or claim any right therein; that, by reason of these facts, appellants and each of them, are estopped to deny or contest appellee's right to administer said real estate, or to challenge or set aside any act of appellee in the administration of said estate; that, as to the alleged will set out in said complaint, appellee had no knowledge, save only from the averments in such complaint in reference thereto, but is reliably informed, and has good reason to believe, and so charges the fact to be, that appellants have had said alleged will in their possession during all the period of the administration of said estate, and from the death of said testator until the bringing of this suit, and have, during all said time, neglected and refused to offer said will for probate; that, by reason of all these facts and by reason of their knowledge of, and acquiescence in, the acts of appellee in the administration of said estate, appellants have now estopped themselves from questioning or in any way interfering with such administration, or from probating said will. Wherefore, appellee as said administrator demands judgment against appellants that its acts in the premises as above set out are valid and free from fraud, and that its administration of said estate be upheld.

Appellants do not show by their complaint any reason why they did not proceed in the usual way under the statute to probate the will here involved, by application to the clerk to admit the same to probate, or, upon the refusal of the clerk so to admit it, then to make application to the court therefor, as provided in §3476 Burns 1926, nor have they shown any reason why such will could not have been probated in such regular and usual way, without filing a complaint therefor, and, so far as we are able to see, this action is wholly unnecessary so far as the probate of the will is

involved. As was said in *Miller* v. *Coulter* (1901), 156 Ind. 290, 59 N. E. 853, the statute requires no formality to probate a will, nothing more need be done than to present the same to the court and ask that it be admitted to probate. It follows that the real and primary purpose of this proceeding must have been and is the revocation of the administration and the enjoining of the sale of the real estate under the order of the court. But, to revoke is to repeal, to annul, to withdraw, to rescind, or to cancel, or, in other words, to render the acts of the administrator under its appointment, void. It is, however, expressly provided by §3101 Burns 1926, that all lawful acts done by administrators before notice of a will duly probated shall be valid.

The theory of appellant's complaint seems to be that it is necessary to revoke and set aside the administration as a preliminary to the probating of the will. But such is not the law. On the contrary, it expressly appears by §3101, *supra*, that the acts of the administrator, up to and including the time of the probate of the will, done in a lawful and regular way, were valid, and, had the will been duly probated, it would have then been proper for the administrator to have given an account of his doings in the settlement of such estate, which, so far as valid, could have been approved by the court, and the administrator discharged from further duty. Such report of said administrator would have shown the order of sale, which sale under such order appellants seek to enjoin. So far as appears by the record, the order was a valid order; appellants were made parties to the petition for such order of sale, were duly notified thereof, but, upon the hearing, made default. If there were no debts of the estate of Charity Jones, and therefore no necessity for the sale of said real estate, as averred in the complaint, this would have been a valid defense at law against the petition for such sale,

which appellants might have presented by way of answer to the petition for sale. But they remained silent. Having had their opportunity to present their defense at law, and a valid order having been entered for the sale of said real estate, such order is final as to all defenses which appellants might have presented. *Parker* v. *Obenchain* (1895), 140 Ind. 211, 39 N. E. 869; *Bates* v. *Spooner* (1874), 45 Ind. 489; *Carver* v. *Carver* (1884), 97 Ind. 497. The administrator having obtained a valid order for the sale of the real estate involved, his acts thereunder, subsequent to the time of such order and until such will shall be duly probated, must be held to be valid, for a will has no effect until it has been probated. *Pitts* v. *Melser* (1880), 72 Ind. 469; *Hopkins, Admr.*, v. *Quinn* (1884), 93 Ind. 223; *Moore, Treasurer*, v. *Stevens, Exr.* (1884), 97 Ind. 271, 273.

The demurrer to the second paragraph of answer was properly overruled.

Judgment affirmed.