No. 8335.

## HATHAWAY, EXECUTOR, v. ROLL.

DECEDENTS' ESTATES.—*Claim.—Pleadings.—Promissory Note.—Consideration.*
—The testator executed to the appellee a paper as follows: "July 5th, 1870. When I am gone, for value received, I promise my grandchild, Sarah E. Roll, to pay her or order five hundred dollars, with interest from date ten per cent. Jonas Williams. Lucy, this is due to Sis, when I am done with it—is for staying with you. Jonas Williams."

*Held*, that this, with the affidavit required, was a sufficient complaint upon a claim against an estate.

*Held*, also, that the instrument, duly proved, sufficiently established a consideration for its execution, so that the Supreme Court would not disturb an allowance upon it.

From the Fayette Circuit Court.

*C. Roehl* and *W. C. Forrey*, for appellant.

*W. A. Bonham* and *R. Conner*, for appellee.

FRANKLIN, C.—This is a claim filed by the appellee Sarah E. Roll against the appellant, Peleg Hathaway, as executor of the will of Jonas Williams, deceased.

There was an issue formed by a general denial. Trial by the court, and a finding for appellee in the sum of $569.43.

A motion for a new trial was overruled, and judgment rendered upon the finding.

The errors assigned in this court are, the overruling of the motion for a new trial, and that the complaint does not state facts sufficient to constitute a cause of action.

The complaint consisted of a note with indorsements of credits thereon, and an affidavit attached thereto that the same was correct; that no payment had been made thereon. except the credits endorsed, and that there was no set-off against the same.    The note is as follows:

"July 5th, 1870.    When I am gone, for value received I promise my grandchild, Sarah E. Roll, to pay her or order five hundred dollars ($500), with interest from date ten per cent.                               JONAS WILLIAMS.

"Lucy, this is due to Sis, when I am done with it—is for staying with you.                    JONAS WILLIAMS."

We think this is a sufficient cause of action for a claim against an estate.

The reason stated for a new trial is, that the finding of the court is contrary to the law and the evidence.

The defence discussed by counsel is that there was no sufficient consideration for the note.

The plaintiff proved the execution of the note and read it in evidence, which was all the evidence given by the plaintiff.

The defendant proved that the plaintiff, Sarah E. Roll, was the daughter of Lucy, who was the daughter of deceased, and the wife of Matthias Roll, that they called their daughter Sis; that said Matthias Roll had a claim then pending in court against the said estate of Jonas Williams.    It was agreed that Jonas Williams died September 11th, 1877, aged ninety-three years.    This was all the evidence given in the cause.

There was no evidence as to the consideration of the note, except as stated in the *addendum* to the note.

A promise, without any consideration, to pay after death, can not be construed into a gift; but services rendered to a third party are a sufficient consideration for a note.

The note states that it was given for appellee's staying with her mother; the nature of the services, other than staying with her mother, is not given.    But from the age of the grandfather at the date of the execution of the note, we presume that the mother was old enough to need the services of

her daughter, and that the daughter was old enough to render her valuable services. And that the daughter after she arrived at the age of majority remained with the mother, would alone be a sufficient consideration to support the note.

We think the evidence supported the finding of the court, and that the finding was not contrary to the law or the evidence.

There was no error in overruling the motion for a new trial. The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment below be and the same is in all things affirmed, with costs.