No. 11,416.

## MOORE, TREASURER, v. STEPHENS, EXECUTOR.

DECEDENTS' ESTATES.—*Testamentary Writing.*—*Void for want of Attestation.* —While in life, one E. M. executed a written instrument of the following purport : "At my death, my estate shall pay to treasurer," etc., "the sum of two hundred dollars, the interest of which is to be used for the benefit of," etc. The instrument was attested by only one witness, and, after the death of E. M., was filed as a claim against her estate.

*Held,* that the instrument was testamentary in its character, and, as it was not attested and subscribed by "two or more competent witnesses," as required by section 2576, R. S. 1881, it could not be duly admitted to probate, and that it was, therefore, invalid as a claim against the decedent's estate, and void and inoperative for any purpose.

From the Union Circuit Court.

*T. D. Evans,* for appellant.

*H. C. Fox,* for appellee.

HOWK, J.—In this case the decision of the circuit court in sustaining a demurrer to the claim or cause of action of the appellant, the plaintiff below, is the only error assigned by him upon the record of this cause. The sufficiency of the appellant's claim, therefore, is the only question we are required to consider or decide.

The claim filed by the appellant was a written instrument, purporting to have been executed by Elizabeth Manning, of which the following is a copy :

"At my death, my estate shall pay to treasurer of the Benevolent Fund Society of the White River Annual Conference, and Church of the United Brethren in Christ, the sum of two hundred dollars, the interest of which is to be used for benefit of superannuated and worn-out preachers of the White River Conference. Given this third day of May, A. D. 1869.                                        my

(Signed)   " ELIZABETH  ✕  MANNING.

" Witness : L. K. MANNING."           mark.

With this written instrument there was filed the affidavit of the appellant, Moore, " Treasurer of the Preachers' Aid

Fund of the United Brethren Church of White River Conference," to the effect that the claim thereto attached was just and true; that there were no offsets thereto, and that the same remained due and wholly unpaid.

This was the entire claim or complaint of the appellant. It was not averred therein that the maker of the written instrument was dead at the time the claim was filed, although by its terms it was not payable until her death. Nor was it alleged in such claim or complaint that, at the time it was filed, letters testamentary or of administration had been issued to the appellee, or to any one else, upon the estate of Elizabeth Manning, if she were dead. Technically, therefore, the appellant's claim did not state facts sufficient to constitute a cause of action. It is true that the statute regulating the filing of claims against a decedent's estate does not require a formal complaint under the ordinary rules of pleading; but it is also true that enough facts should be stated to show, *prima facie*, at least, the liability of the estate for the payment of the claim. *Huston* v. *First Nat'l Bank*, 85 Ind. 21.

But passing these objections to the appellant's claim, we come to the consideration of the main question in the case, does the written instrument constitute a valid claim against the estate of Elizabeth Manning, deceased? We are of opinion that this question must be answered in the negative. The instrument is not the contract of Elizabeth Manning, that she will do any act, or pay the sum of money therein mentioned. It contained no admission of her indebtedness to the treasurer or the society mentioned therein, and furnished no evidence of any such indebtedness. It was simply an attempt on her part to dispose of two hundred dollars of her estate after her death. The instrument was, therefore, testamentary in its character, but it was not executed with the forms and solemnities required by our statute in the execution of a will. Section 2576, R. S. 1881. As the instrument was attested and subscribed by only one witness, it was void and inoper-

ative as a will. *Patterson* v. *Ransom,* 55 Ind. 402; *Potts* v. *Felton,* 70 Ind. 166.

When a written instrument, on its face and in its true character, is merely a will, but has not been properly attested to give it validity as a will, the fact that it does not appear to have been revoked during the maker's life, will not render it valid after his death. *McCarty* v. *Waterman,* 84 Ind. 550, and cases cited. Until such an instrument has been duly admitted to probate, it can neither operate to vest or establish, nor be used as evidence of any right claimed thereunder. *State, ex rel.,* v. *Joyce,* 48 Ind. 310; *Pitts* v. *Melser,* 72 Ind. 469.

We conclude, therefore, that the written instrument, filed by the appellant as a claim against the estate of appellee's testatrix, was testamentary in its character, that it was not attested and subscribed by " two or more competent witnesses," that it had never been, and could not be, duly admitted to probate, and that, for these reasons, it was invalid as a claim and wholly inoperative for any purpose.

The demurrer to the claim was correctly sustained.

The judgment is affirmed, with costs.

Filed Sept. 19, 1884.