Caviness v. Rushton, Administrator.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be affirmed, at the appellant's costs.

Filed April 25, 1885.

No. 11,780.

CAVINESS v. RUSHTON, ADMINISTRATOR.

PROMISSORY NOTE.—An instrument reading thus: "I promise Emily Caviness to give her two thousand dollars at my death to take care of her children with, which she claims of my estate. She has been in my family nineteen years and a faithful servant, and it is my will to her," is not a promissory note.

CONTRACT.—*Promise to Make Compensation for Services by Will.*—A promise to make a devise to one who has rendered services to the promisor at his request, as a compensation for such services, is a valid promise, for a breach of which an action will lie.

PLEADING.—*Stating Cause of Action in Different Forms.*—A cause of action may be stated in different forms, and unless it clearly appears that the cause of action stated in the several paragraphs is one and the same, requiring the same evidence and no more, it is material error to sustain a demurrer to one of the paragraphs if it is good in itself.

From the Hendricks Circuit Court.

*J. V. Hadley, E. G. Hogate* and *R. B. Blake,* for appellant.

ELLIOTT, J.—The appellant in the first paragraph of her complaint set forth the following instrument:

"OCTOBER 13, 1882.

" I promise Emily Caviness to give her two thousand dollars at my death to take care of her children with, which she claims of my estate. She has been in my family nineteen years and a faithful servant, and it is my will to her."

And alleged that it was executed by William R. Rushton in his lifetime, and that Rushton died some time after the execution of the instrument, and that the appellee is the administrator of his estate.

We do not think the instrument declared on can be re-

garded as a promissory note. On its face it appears to be a voluntary promise to make a testamentary disposition of property. It does not appear to be a promise to pay money at a certain time, absolutely and at all events. The words in the first clause of the instrument, *prima facie*, express a promise to make a gift, and the concluding words are indicative of an intention to make a testamentary disposition of property. The contention of appellant that the instrument is a promissory note can not be maintained without doing violence to the language of the instrument. The instruments in *Harmon* v. *James*, 7 Ind. 263, and *Johnston* v. *Griest*, 85 Ind. 503, were very similar in their tenor and effect to the one now before us, and it was held that they were not promissory notes. As the first paragraph of the complaint proceeds upon the theory that the instrument is a promissory note, it is bad.

The third paragraph of the complaint alleges that the appellant, at the special instance and request of the appellee's intestate, performed work and labor for him for nineteen years; that "on the 13th day of October, 1882, she had a settlement with William R. Rushton, then in life, for the services by her performed, and the amount found to be due was two thousand dollars, and the said Rushton then agreed to leave her by will the sum so found due her for services, and executed to her a written agreement." The written agreement set forth in this paragraph is the same as that set out in the first paragraph. It is also alleged that Rushton died without a will.

We are unable to perceive any infirmity in this paragraph of the complaint. A promise supported by a valuable consideration is well pleaded, and the case is, therefore, unlike that of a voluntary promise to make a gift. The services were rendered in accordance with a precedent request, and, after they were performed, a settlement was had and their value agreed upon. Not only were all the elements of a valid contract present, but there was a full recognition, by the settlement, of the right to compensation and an agreement as to

the amount. What the parties have thus agreed upon and adjusted, the courts have no right to disturb. As there was a precedent request to render the services, and as they were rendered upon that request, the case in hand is not within the rule laid down in the cases cited.

The manner in which the intestate promised to make the payment can not deprive the appellant of her right to recover the value of the services rendered by her at his precedent request. The only difference between this case and that of an ordinary promise to pay for services is in the stipulation as to the time and manner of making payment. A promise, founded upon a valuable consideration, to make provision by will, is a valid contract, and an action will lie for its breach. An English author says: " It is well established that a man may validly bind himself or his estate by a contract to make any particular disposition (if in itself lawful) by his own will." Pollock Princ. of Cont., section 308. This is the doctrine of this court. *Bell* v. *Hewitt*, 24 Ind. 280.

The case in hand is plainly distinguishable from *Moore* v. *Stephens*, 97 Ind. 271, for here there was a valuable consideration, a precedent request, and an express contract; while in the case cited there was no valid contract, but simply an ineffectual attempt to make a testamentary disposition of property.

It was proper to show the consideration of the intestate's promise, and when it was shown to be a valuable one, yielded upon a precedent request, a cause of action appeared. It was not necessary that the consideration should affirmatively appear in the written instrument; it was sufficient to show that there was a precedent request, and that the services were performed pursuant to this request. These facts make it appear that there was a valid contract, and not a mere voluntary promise to make a testamentary gift. If there had been no consideration for the promise, or if it appeared that the promise was simply to make a gift, then, of course, no action could be maintained.

The second and third paragraphs are not the same, for the former does not aver that there was a settlement and an amount agreed upon, but is simply a common count for services rendered. It is only where the two paragraphs clearly appear to be founded upon one and the same cause of action, and where the one requires no greater or different evidence than the other, that it is harmless error to sustain a demurrer to one of them, for it has long been the rule of this court that a party may state his cause of action in different forms. *Snyder* v. *Snyder*, 25 Ind. 399; *Stearns* v. *Dubois*, 55 Ind. 257.

For the error in sustaining the demurrer to the third paragraph of the complaint the judgment must be reversed.

Filed May 1, 1885.