Price, Administrator, et al. v. Jones.

Filed March 6, 1886.

---

No. 12,086.

## PRICE, ADMINISTRATOR, ET AL. v. JONES.

PROMISSORY NOTE.—*Promise to Pay After Death.*—*Testamentary Disposition.*—An instrument, dated and signed, reading, "One day after my death I promise to pay to the order of Nancy M. Jones two thousand dollars, to be paid out of my estate. For value received, without any relief from valuation or appraisement laws, with 6 per cent. interest from date until paid, and attorney's fees," is a promissory note, and not an attempted testamentary disposition of property.

SAME.—*Decedents' Estates.*—*Filing Note as Claim Against.*—*Pleading.*—It is sufficient to file a note, executed by a deceased person, as a claim against his estate, without any formal complaint.

SAME.—*Attorney's Fees.*—*Recovery of.*—The stipulation in the note for attorney's fees entitles the payee to recover them without any specific demand therefor.

SAME.—*Consideration.*—*Agreement of Parties as to.*—Where parties agree upon a consideration, and it is one of an indeterminate value, the courts will not substitute their judgment for that of the parties, but will uphold the contract.

SAME.—*Contract to Pay Member of Family for Services.*—Where there is an express promise to pay for services, an action will lie, although the promise be made to a member of the promisor's family.

From the Cass Circuit Court.

*D. B. McConnell, R. Magee* and *S. T. McConnell,* for appellants.

*C. E. Taber, D. D. Dykeman, W. T. Wilson* and *G. C. Taber,* for appellee.

ELLIOTT, J.—The claim of appellee against the estate of

Benjamin Price, deceased, rests upon an account for boarding the deceased, and on an instrument executed by him reading as follows:

" $2,000.                           SEPTEMBER 18th, 1881.

" One day after my death, I promise to pay to the order of Nancy M. Jones two thousand dollars, to be paid out of my estate.    For value received, without any relief from valuation or appraisement laws, with six per cent. interest from date until paid, and attorney's fees.

"BENJAMIN PRICE."

The appellants insist that the instrument is an attempt to make a testamentary disposition of property, and is destitute of all legal efficacy.    We can not concur in this view.    There is no attempt to make a testamentary disposition of property, for the instrument contains no provisions resembling those of a will.    It is a promise to pay money.    It differs from an ordinary promise in the single particular that it fixes the time of payment at a period subsequent to the promisor's death.    It is, nevertheless, a promise to pay money, absolutely and at all events, to a person named, and it has, therefore, all the essential features of a promissory note.    All the modern authorities agree that such instruments as the one before us are to be deemed the promissory notes of the persons by whom they are executed.    Story Prom. Notes, section 27; 1 Daniel Negot. Inst., section 46.

This case is easily discriminated from *Moore* v. *Stephens*, 97 Ind. 271, for here there is an expresss promise to pay a specified sum of money, and it is made in the form of a contract which imports a consideration ; while in that case there was no promise, but simply a direction to pay, after the death of the person by whom the instrument was executed, a specified sum of money to the beneficiary named.

It is sufficient to file a note executed by a deceased person as a claim against his estate without any formal complaint. *Pulley* v. *Perfect*, 30 Ind. 379 ; *Hathaway* v. *Roll*, 81 Ind. 567.

The appellants introduced evidence of admissions of the

Price, Administrator, *et al. v.* Jones.

appellee which tended to show that the note was intended to evidence a gift and nothing more, but, in view of the explanations given by the appellee, we can not regard these admissions as conclusive. . Nor can we regard the testimony upon this point as uncontradicted, for there is evidence tending to prove that the intestate was old, infirm, and diseased; that he needed care and nursing; that he promised to pay for the care and nursing bestowed upon him, and that it was in the performance of this promise that he executed the note upon which the claim is founded.

It was for Benjamin Price, the appellant's intestate, to determine the value of the appellee's services. He, better than those who are claiming his estate, knew what those services were worth, and his judgment of what was a fair compensation ought not to be set aside or disregarded. The rule is, that where parties agree upon a consideration, and it is one of an indeterminate value, the courts will not substitute their judgment for that of the contracting parties, but will uphold the contract. *Johnson* v. *Gwinn*, 100 Ind. 466, see p. 472; *Fleetwood* v. *Dorsey Machine Co.*, 95 Ind. 491, see p. 492; *Shade* v. *Creviston*, 93 Ind. 591, see auth. cited p. 594; *Wolford* v. *Powers*, 85 Ind. 294 (44 Am. R. 16). In the case last cited, very many of the decisions are collected, and some of them are directly in point here, especially the cases of *Earl* v. *Peck*, 64 N. Y. 596, and *Cowee* v. *Cornell*, 75 N. Y. 91 (31 Am. R. 428).

The case of the appellee does not rest upon an implied promise, but upon an express one. Where there is an express promise to pay for services, an action will lie, although the promise was made to one of the promisor's family. The decisions cited by appellants, applicable to cases resting upon an implied promise, exert no influence upon such a case as this.

The appellee was not bound to make an express claim for attorneys' fees, for the stipulation in the note entitled her to

recover them without any specific demand for them.　The agreement to pay attorneys' fees is a part of the contract, and the appellee is entitled to recover according to its terms. *Hanna* v. *Fisher*, 95 Ind. 383; *Glenn* v. *Porter*, 72 Ind. 525. There was, therefore, no error in including the attorneys' fees in the verdict.

Judgment affirmed.

Filed March 9, 1886.