Wolfe, Administrator, *v.* Wilsey.

No. 291.

WOLFE, ADMINISTRATOR, *v.* WILSEY.

DECEDENTS' ESTATES.—*Statement of Claim Against.*—The statement of a claim against an estate is sufficient if it apprises the administrator of the nature of the claim, the amount demanded, and contains sufficient substance to bar another action for the same demand.

SAME.—*Agreement to Pay Promissory Note After Death.—Testamentary Disposition.*—A written instrument executed by the decedent before his death, which acknowledges an indebtedness by the decedent for money received, and contains a promise to pay after his death, is a contract in the nature of a promissory note, and not an attempted testamentary disposition of property, and may be enforced against his estate.

SAME.—*Annual Settlement of Accounts.—Provision for.*—The fact that such instrument also contains a provision for annual settlements, to be indorsed on the agreement, of mutual accounts that might be made, will not destroy or impair the contractual quality of the instrument.

SAME.—*Claim.—Sufficiency of Statement.*—Such instrument, when followed by an affidavit that the account, after deducting all credits, set-offs, and deductions, to which the estate is entitled, is due and unpaid, is a sufficient statement of the claim.

SAME.—*Amendment of Claim.*—Where, after the transfer from the appearance to the issue docket, of a claim against an estate, an additional statement of the claim is made at a subsequent term, it may be used as an amendment, or second paragraph of the claim, and need not be placed on the appearance docket.

SAME.—An instrument containing an admission of an indebtedness by the decedent, and a promise to pay after his death, will, if duly authenticated and introduced in evidence, support a judgment against his estate.

SAME.—*Payment in Instalments.—Judgment.*—If such instrument provides that the debt shall be paid in instalments, and some of the instalments are not yet due, the judgment, upon proof of the claim, need not be rendered for a gross sum, but the administrator may be permitted to pay the debt in instalments as they become due.

From the Floyd Circuit Court.

*J. H. Stotsenburg* and *E. B. Stotsenburg,* for appellant.
*A. Dowling,* for appellee.

REINHARD, J.—On the 23d day of November, 1888, the appellee, Lottie R. Wilsey, filed in the office of the clerk of

the Floyd Circuit Court a claim against the estate of appellant's decedent.    This claim consisted of a written instrument, purporting to have been executed by the decedent and the appellee, and the ordinary affidavit required by the statute in the verification of claims filed against decedents' estates.

The instrument referred to is as follows:

" Article of agreement made and entered into by and between Simeon K. Wolfe and Lottie R. Wilsey, both of the city of New Albany, Floyd county, Indiana, on this first day of March, 1888, as follows, to wit:    Whereas, in the year 1877, the said Lottie R. Wilsey placed in the hands of said Simeon K. Wolfe the sum of twenty-five hundred dollars, which he was to use or invest for her, and account to her for the increase; and whereas, said sum now amounts to the sum of five thousand dollars, and the said Lottie R. Wilsey has, ever since the 4th day of January, 1879, occupied the house and lot in which she now resides, being the east half of lot numbered twenty-one (21), on Upper High street, south side, between Upper Second, or Bank, street, and Upper Third street, in the city of New Albany, Floyd county, Indiana, with the understanding and agreement that she was to hold and occupy the same so long as said money in the hands of said Wolfe shall remain unaccounted for and unpaid to her, or to such person or persons as she might direct:    Now, in mutual settlement, and arrangement, of all past financial transactions between us, we mutually agree, as to the future, to the following stipulations, that is to say:    Said sum of five thousand dollars is to remain in his hands so long as we both shall live, and upon the death of either party said matter shall be closed up in the manner hereinafter provided, that is to say:    If the said Lottie R. Wilsey shall be alive at the time of the death of the said Simeon K. Wolfe, the whole amount of said moneys remaining in his hands is to be paid to her, said amount to be ascertained by reference to the current yearly indorsements on each copy of

this contract, as hereinafter provided for ; but if the said Lottie R. Wilsey shall die during the lifetime of the said Simeon K. Wolfe, then and in that event the said Simeon K. Wolfe is to account for and pay the sum of twenty-five hundred dollars, which, in the event of the death of the said Lottie R. Wilsey before the death of the said Simeon K. Wolfe, is to be in full accord, satisfaction, and discharge of said fund in his hands, and all accumulations thereof, and all said funds above said sum of twenty-five hundred dollars is to be retained by him in consideration for his services in the management of said business ; the said Lottie R. Wilsey is to hold and retain possession of said above-mentioned house, and half lot now occupied by her until said moneys are all accounted for and paid to her ; not, however, to exceed beyond her lifetime, if she shall die before said Wolfe, or beyond the payment to her of said moneys, if said Wolfe shall die first. The rents therefor, and the accumulations on said five thousand dollars, are to be mutually settled annually, and a statement of the balance, or accrued amount, is to be indorsed on each copy of this contract, and signed by the parties, and in the event of the death of the said Simeon K. Wolfe before the death of said Lottie R. Wilsey the amount of such balance, or accumulated amount last so indorsed, shall be the amount which the legal representatives of the said Simeon K. Wolfe shall account for and pay to said Lottie R. Wilsey, one-fifth of such amount to be due and payable in one year after the death of said Wolfe, and one-fifth part in two years after such death, and the remaining three-fifths parts thereof in five years after such death. In the events provided for above, of the death of said Lottie R. Wilsey during the lifetime of the said Wolfe, in which he is to pay the sum of twenty-five hundred dollars only in full of said liability on account of said funds in his hands, it is agreed that he shall pay out the same as follows : First. Any sum, at his dis-

cretion, between six hundred dollars and one thousand dollars he is to pay for funeral and other expenses and charges against her, a burial lot and a monument, such as he shall see proper to cause to be erected over her grave, and the residue of said twenty-five hundred dollars he is to pay as follows:   To Ed Wilsey and Eva Wilsey, children of her brother David Wilsey, now of Scotland county, Missouri, each one-sixth part; to Mary Louisa Carnell, Abelle and Stephen Harris Carnell, children of her sister Esther A. Carnell, now of Saratoga county, New York, each one-sixth part, and to Annie Laurie Webb and K. S. Webb, children of her sister Evaline Webb, now of Saratoga county, New York, each one-sixth part; provided, however, that such payments to such nieces and nephews of said Lottie R. Wilsey are not to be due and payable until the expiration of five years after her death; and provided, further, that the said Lottie R. Wilsey may at any time charge the beneficiaries of said trust by indorsement on each copy of this contract; and if so charged, at any time, the said Simeon K. Wolfe shall make such payments to such person or persons as she may so direct and designate in such indorsement at the time above designated.   And it [is] agreed that if said Wolfe shall die before the death of said Lottie R. Wilsey, that during the time after such Wolfe's death and the payments of such money to her, she shall, if she should desire to occupy the said house and lot herself, have the same free of rent until such payment be made in full.

"In witness whereof we hereunto set our hands and seals in duplicate, this day and year aforesaid.

"[SEAL.]                     S. K. WOLFE.
"[SEAL.]                     LOTTIE R. WILSEY."

The affidavit attached to said instrument was as follows:

"STATE OF INDIANA, } SCT.
FLOYD COUNTY.      }

"Lottie R. Wilsey, being sworn, on oath says that the

account and written contract hereto attached, after deducting all credits, set-offs, and deductions to which the estate is entitled, is justly due from the estate of Simeon K. Wolfe, deceased, and is wholly unpaid, and further sayeth not.

(Signed)  " LOTTIE R. WILSEY.

" Subscribed and sworn to before me this 23d day of November, 1888.  HENRY R. W. MEYER,
" Clerk Floyd Circuit Court."

At that time the terms of the Floyd Circuit Court were held in February, May, September and November. The claim seems to have been placed upon the appearance docket at the time of filing, and allowed to pass over the February term to the May term, when it was entered upon the issue docket.

At the May term, 1889, the record shows that the following was filed, omitting the title:

" The defendant moves the court to dismiss the claimant's alleged proceeding herein, for the reason that no statement whatever has been filed at any time in the office of the clerk of this court, in which the said estate is pending, as required by the statute in such case made and provided.

" STOTSENBURG AND SON,
"Atty's for said Adm'r."

This motion was overruled, and an exception taken by the appellant.

The record further shows that on the 20th day of June, 1889, during vacation, the following paper was filed by the appellee :

" Lottie R. Wilsey v. Edward W. Wolfe, Adm'r of the Estate of Simeon K. Wolfe, Deceased.

" In the Floyd Circuit Court.

" State of Indiana, County of Floyd, ss. :

" Edward W. Wolfe, administrator of the estate of Simeon K. Wolfe, deceased, in account with Lottie R. Wilsey, Dr. To amount due her upon agreement in writing executed by

the said decedent and the said claimant, a copy of which is herewith filed, marked 'A,' and made part hereof:

"Interest on $5,000 from March 1, 1888, to Nov. 19, 1888, being the date of the death of said Wolfe . . . . . . . . . . . . . . . . . . $215 00

"Amount due November 19, being one year after death of said Wolfe . . . . . . . . . . . . 1,000 00

"Amount due November 19, 1890, being two years after death of said Wolfe . . . . . . . . . . 1,000 00

"Amount due November 19, '93, being five years after death of said Wolfe . . . . . . . . . . 3,000 00

$5,215 00

"*Cr.*—By rent of house referred to in said agreement from November 4, '88, to November 19, '88, the date of the death of said Wolfe . . . . . . $7 50

"By rebate of interest on $1,000 from date of allowance to November 19, '89 . . . . . . . . . . . ———

"By rebate of interest on $1,000 from date of allowance to November 19, 1890 . . . . . . . . . . ———

"By rebate of interest on $3,000 from date of allowance to November 19, 1893 . . . . . . . . . . ———

"A. DOWLING,
"Att'y for Claimant."

To which was attached the following affidavit:

"Lottie R. Wilsey, who is the claimant named in the foregoing statement, being duly sworn, on her oath says that the above claim, amounting to $5,207.50, less the rebate of interest required by the statute in such cases provided, after deducting all credits, set-offs and deductions to which the said estate is entitled, is justly due and wholly unpaid.

(Signed)        "LOTTIE R. WILSEY.

"Subscribed and sworn to before me, this 20th day of June, 1889. (Signed)   HENRY R. W. MEYER, Clerk."

"Exhibit A," referred to in the foregoing statement, is the

agreement which forms the foundation of the claim filed in the first instance.

The record further shows that at the September term, 1889, of the court, the following proceedings were had in this cause (omitting the title) : "Come now the parties by their attorneys, and the plaintiff files an amended claim, which reads as follows."

Then follows the same paper, exhibit and affidavit heretofore set out, which, as we have seen, was filed with the clerk, in vacation, on June 20th, 1889.

Thereupon the appellant "moved the court in writing for an order requiring the plaintiff to place her claim on the appearance docket."

In this written motion the appellant states that he appears specially, for the purpose of the motion, and assigns two causes why the motion should be granted :

"1. On the face thereof it appears to be a claim against the estate of the decedent, Simeon K. Wolfe.

"2. Because it is not an amendment of any claim which had theretofore been properly filed in said court under said section of the statute and properly transferred to the issue docket."

This motion the court overruled and the appellant excepted.

The appellant then filed his demurrer to the claim, which was overruled and the appellant again excepted.

Thereupon the appellant moved the court to require the appellee to make her complaint more specific by setting out and showing :

"1. What amount was indorsed on the paper or agreement sued on, marked 'Exhibit A,' as the amount which the legal representatives of the said Simeon K. Wolfe should account for and pay to the said Lottie R. Wilsey.

"2. What were the accumulated rents from the time of making the so-called agreement, a copy of which, marked

'A,' is filed with the amended claim, until the death of the said Simeon K. Wolfe."

This motion was also overruled and an exception noted.

The appellant then filed his answer in three paragraphs. The first contained the general denial, and the second and third special and affirmative matter.

The appellee demurred to the second paragraph of the answer and the court sustained the demurrer, to which appellant excepted. The appellant also filed a counter-claim for board, lodging, clothing, etc.

The appellee filed a reply to the third paragraph of the answer, and an answer to the counter-claim, each being a general denial. The cause was then continued to the February term, 1890, and from then to the May term, 1890, when it was submitted to the court for trial upon the issues formed. The court found for the claimant upon the agreement filed, in the sum of $1,022.50. It further found that there would be due the claimant, November 19th, 1890, $1,000, and on November 19th, 1893, $3,000.

The appellant moved for a new trial, for the following reasons :

" 1. For irregularity in the proceedings of the court, by which the defendant was prevented from having a fair trial, in these particulars, viz. :

"(*a*). In overruling defendant's motion to dismiss the claimant's alleged proceedings ;

"(*b*). In overruling the defendant's motion, made upon special appearance, to require the claimant to cause the second claim filed in open court, June 20, 1889, to be placed on the appearance docket.

"(*c*). In overruling the defendant's motion to require the plaintiff to make her claim, filed June 20, 1889, more specific.

" 2. For error in assessing the amount of the recovery by making the same too large.

Wolfe, Administrator, *v.* Wilsey.

"3. Because the finding and decision of the court is not sustained by sufficient evidence.

"4. Because the finding and decision of the court was contrary to law.

"5. For error of law occurring at the trial, and excepted to at the time by the defendant, in this, that the court erred in permitting the defendant to put in evidence the alleged agreement in writing, referred to in the so-called claim, over defendant's objection, and in refusing to strike out the same."

The court overruled the motion for a new trial, and, over the appellant's objection and exception, rendered judgment on the finding.

The appellant also moved to modify the judgment, and as a ground for such motion stated "that the sum ought to be for a sum in gross, if any judgment at all should be rendered, and not for partial payments, and instalments." But the court overruled this motion, also, to which ruling the appellant excepted, and immediately filed his general bill of exceptions, duly signed, and made a part of the record.

In this court the appellant has assigned specifications of error as follows, viz.:

1. The overruling of his motion to dismiss the proceedings.

2. The overruling of his motion to cause the claim to be placed upon the appearance docket.

3. The overruling of his demurrer to the claim.

4. The overruling of his motion to require the appellee to make her claim more specific.

4½. The sustaining of appellee's demurrer to the second paragraph of the answer.

5. The overruling of the appellant's motion for a new trial.

6. The overruling of his motion to modify the judgment.

We shall notice these alleged errors in the order of their assignment: First, then, did the court err in overruling the appellant's motion to dismiss the original claim?

The statute provides that "No action shall be brought by complaint and summons against the executor or administrator of an estate for the recovery of any claim against the decedent, but the holder thereof, whether such claim be due or nòt, shall file a succinct and definite statement thereof in the office of the clerk of the court in which the estate is pending; * * if any claim against the decedent be founded upon any written instrument, alleged to have been executed by him, the original, or a complete copy thereof, shall be filed with the statement; the statement shall set forth all credits and deductions to which the estate is entitled, and shall be accompanied by the affidavit of the claimant, his agent or attorney, that the claim, after deducting all credits, set-offs and deductions to which the estate is entitled, is justly due and wholly unpaid, and no claim shall be received unless accompanied by such affidavit," etc.    Elliott's Supp. section 385.

The appellant's contention is, that the claim in this case does not contain such a succinct and definite statement as the statute requires, nor, in fact, any statement; that there should be an averment in such statement that a written instrument was executed, and its nature, and that a copy or the original was filed therewith; a statement of credits and deductions to which the estate is entitled; whether the claim is due in whole or in part; how much is owing thereon, etc.

, The word succinct means brief, precise, exact.    It is derived from the two Latin words—*sub*, under, below; and *cingere*, to gird—and literally means girded below, or from below; tucked up; hence, compressed into narrow shape; concise.    Webster.

If the pleading here contemplated is to derive any character from the word succinct, it can be only that of brevity, compression, terseness.    The object of the statute, doubtless, was to do away with regular pleadings, rather than to require more formal ones.

The requirement of the act of 1883, from which we have

quoted, in reference to the nature of the statement as to its being "succinct and definite," is no greater than it was under the former statute. Section 2310, R. S. 1881. The only additional matters which are to be in the statement under the new law are the "credits and deductions" to which the estate is entitled. We take it, however, that if the latter requirement is omitted from the "statement," but is contained in the affidavit, as is the case here, it will be a substantial compliance with the requirements of this branch of the section of the statute.

Where the claim is founded upon a written instrument, such as a promissory note, it has been repeatedly held that no statement other than the instrument itself need be filed. *Crabb* v. *Atwood*, 10 Ind. 322; *Pulley* v. *Perfect*, 30 Ind. 379; *Hathaway* v. *Roll*, 81 Ind. 567; *Price* v. *Jones*, 105 Ind. 543.

In the case at bar the written instrument filed does not differ materially from a promissory note. It contains an acknowledgment of an original indebtedness of $2,500 for money which the claimant had furnished the decedent years before, and which had at the time of the execution of the instrument increased to $5,000, and an express promise to pay the amount due at a definite time. Thus far it is, in all essentials, a promissory note. The fact that it also contains a provision for annual settlements, to be indorsed on the agreement, of mutual accounts that might be made thereafter, will not destroy or impair the contractual quality of the instrument, and the fact that not sufficient time had elapsed for the first of such annual settlements to be made is sufficient to show definitely that nothing was to be endorsed on the paper.

The statute regulating the prosecution of claims against decedents' estates has always received a liberal interpretation at the hands of our Supreme Court. Thus it has been held again and again that the statement contemplated by the statute is sufficient if it apprises the defendant (administrator) of the nature of the claim, the amount demanded, and con-

tains sufficient substance to bar another action for the same demand. *Davis* v. *Huston*, 84 Ind. 272 ; *Post* v. *Pedrick*, 52 Ind. 490 ; *Ginn* v. *Collins*, 43 Ind. 271 ; *Hannum* v. *Curtis*, 13 Ind. 206.

In *Lockwood* v. *Robbins*, 125 Ind. 398, MITCHELL, J., speaking for the court, said : " It is, hence, not necessary that there should be a formal complaint, if the statement shows the nature and amount of the claim with sufficient precision to bar another action, and a *prima facie* right to recover." See, also, *Stricker* v. *Barnes*, 122 Ind. 348 ; *Taggart* v. *Tevanny*, 1 Ind. App. 339 ; *Miller* v. *Eldridge*, 126 Ind. 461; Henry Probate Law, 177, 183–186.

The statements necessary in claims against decedents' estates are placed upon the same footing with the statements required to be made by the plaintiff in actions originating before justices of the peace. *Ginn* v. *Collins, supra.*

All that is necessary, by way of a complaint, in such actions is a statement containing sufficient substance to apprise the defendant of the nature of the demand, and is such that a judgment thereon may be used as a bar to another suit for the same claim. *Milhollin* v. *Fuller*, 1 Ind. App. 58.

And in a suit before a justice, on a promissory note, the note alone is a sufficient complaint or statement of the cause of action. *Baldwin* v. *Webster*, 68 Ind. 133.

We have thus far treated this question as if it had been properly raised by the record. Of this, however, we are by no means satisfied. As we have seen, the manner in which the appellant tested the sufficiency of the statement of the claim was by motion to dismiss, and not by demurrer. We are inclined to doubt the propriety of this practice, though it is not necessary that we should decide the point, as we have passed upon the merits of the question attempted to be presented. We are inclined to the belief that the better practice would be to demur. See *Williams* v. *Port*, 9 Ind. 551 ; section 333, R. S. 1881.

However that may be, we regard the written contract,

together with the affidavit attached to it, as a sufficient statement of the claim, and that the court committed no error in overruling the appellant's motion to dismiss.

Did the court err in overruling the appellant's motion to require the claim to be placed upon the appearance docket?

It is obvious that the court treated the papers and affidavit filed in vacation, on June 20th, 1889, as an amendment to the original claim.

Ordinarily, a claim when first filed is by the clerk entered upon the appearance docket, and when this is done ten days before the first day of any term of court, it becomes the duty of the executor or administrator either to admit, or refuse to admit, the same in writing on the margin of the docket, opposite such claim. If it is not thus admitted before the last day of the term it is transferred to the issue docket, and stands for trial at the next term, the same as other civil actions. Elliott's Supp. 387.

The object of letting it go over one term of the court is to enable the executor or administrator to make inquiry into the nature and merits of the claim, and either admit it or prepare to defend against it. The statute applies to every new claim filed, and there is no way, unless it is by agreement of the parties, by which such a claim may be advanced to the issue docket ahead of its time. But this rule can have no application to amendments, and we see no reason why the courts can not permit a claim to be amended the same as other pleadings. Section 394, R. S. 1881.

In *Frazer* v. *Boss*, 66 Ind. 1, the court intimated very strongly that a party has a right to state his claim in several different paragraphs, in order to meet the exigencies of the evidence. See, also, *Taggart* v. *Tevanny, supra; Shirk* v. *Coyle*, 2 Ind. App. 354.

If, then, the court has the power to permit amendments, or if, as we take the rule to be, amendments may be made by the parties in certain contingencies, even without leave

Wolfe, Administrator, *v.* Wilsey.

of court, we see no objection to the practice of permitting the appellee to use the papers filed with the clerk on June 20th, 1889, as an amendment, or second paragraph of the claim. At all events, as the claim was sufficient without the amendment, the error, if any there was, is harmless.

It was not reversible error, therefore, for the court to deny the appellant's motion to place the claim on the appearance docket.

This brings us to the consideration of the next error assigned : Was the statement of the claim sufficient to withstand the appellant's demurrer ?

From what has already been said in reference to the motion to dismiss, it must be plain that we regard the ruling of the court in overruling the demurrer as correct.

The appellant's counsel, however, make the additional point, and argue it with much force, that the instrument filed as the basis of the claim is in the nature of a testamentary disposition, and void because not properly attested. In this we can not agree with counsel. We regard the paper in question as an agreement to repay money loaned to the decedent. Whatever may have been the original purpose for which the money was received by Wolfe, he evidently treated it as a loan, by charging himself with interest on the original amount, adding this to the principal, and promising to repay the whole with additional interest at a definite time in the future.

A note or bill may be made payable at a fixed time, at a certain feast, civil or religious, at a fixed holiday or fair, or at any other period which must certainly happen, though the precise time can not be known ; as, at the death of the drawer or maker, or a certain number of days after his death. Story Bills of Exchange, section 50.

The case of *Price* v. *Jones, supra,* is much in point. There the note was as follows :

" $2,000.00.                    September 18th, 1881.

" One day after my death, I promise to pay to the order of

Nancy M. Jones two thousand dollars, to be paid out of my estate. For value received," etc.

ELLIOTT, J., delivering the opinion of the court in that case, said : " The appellants insist that the instrument is an attempt to make a testamentary disposition of property, and is destitute of all legal efficacy. We can not concur in this view. There is no attempt to make a testamentary disposition of property, for the instrument contains no provisions resembling those of a will. It is a promise to pay money. It differs from an ordinary promise in the single particular that it fixes the time of payment at a period subsequent to the promisor's death. It is, nevertheless, a promise to pay money, absolutely and at all events, to a person named, and it has, therefore, all the essential features of a promissory note. All the modern authorities agree that such instruments as the one before us are to be deemed the promissory notes of the persons by whom they are executed. Story Prom. Notes, section 27 ; 1 Daniel Negot. Inst., section 46."

The learned counsel for the appellant direct us to Williams on Executors, where it is said :

" The true principle to be deduced from the authorities appears to be, that, if there is proof, either in the paper itself, or from clear evidence *dehors*, first, that it was the intention of the writer of the paper to convey the benefits by the instrument which would be conveyed by it if considered as a will ; secondly, that death was the event that was to give effect to it ; then whatever may be its form, it may be admitted to probate as testamentary." 1 Williams Ex., p. 106.

We do not see how the rule quoted can have any application here. It is evident from an examination of the context that the author treats here of the particular forms necessary to constitute an instrument a will. It is in that connection that he lays down the rule that one of the tests is that the writer must have intended *to convey a benefit.* Surely it can not be said that he who acknowledges to owe a debt, and then agrees to pay it after a lapse of time, is conveying a

benefit.   There must be an *animus testandi*, in order to constitute a will.

The whole scope and tenor of the instrument in suit shows the opposite.   Here there is a clear admission of indebtedness and a promise to pay after the death, of the decedent. This takes away all the elements of a will.   And so we think the case of *Moore* v. *Stephens*, 97 Ind. 271, is far from supporting the appellant's position.   That case was clearly distinguished in *Price* v. *Jones, supra,* and the same distinction must be recognized between it and the case under consideration.   The same may be said, also, of *McCarty* v. *Waterman,* 84 Ind. 550, authorities cited by appellant.

We hold, therefore, that the instrument in suit is not an attempted testamentary disposition of property, but a contract in the nature of a promissory note, duly executed, founded upon a valuable consideration, and enforceable as a claim against the estate of appellant's decedent.   The demurrer to the claim was properly overruled.

Was it error in the court to overrule the appellant's motion to require the appellee to make the statement as amended more specific ?   The motion was that claimant be required to show, first, what amount was indorsed on the paper, or agreement, sued on, marked " Exhibit A," as the amount which the legal representatives of the said Simeon K. Wolfe should account for and pay to the said Lottie R. Wilsey; and, 2d : What were the accumulated rents from the time of making the so-called agreement, a copy of which," etc., " until the death of the said Simeon K. Wolfe."

The agreement acknowledged an indebtedness of $5,000 by Wolfe to the claimant.   This was at the date of its execution, viz. : March 1st, 1888.   The products of the money, and the rents which might become due from Lottie R. Wilsey to Wolfe, were to be ascertained by annual settlements, the results of which were to be indorsed on the instrument.   As Wolfe died in less than one year from the time of the making of this agreement, there could have been no " annual " set-

tlement, and consequently no indorsement on the instrument as provided therein.  The failure of the parties to make an annual settlement could not have defeated the claim, even if more than a year had elapsed after Wolfe's death, but it might have been proper, in that event, for the court, on appellant's motion, to require such settlement to be set out; or, in case none was made, to have appellee so state.  As this was all the first part of the motion required appellee to do, and as it appeared upon the face of the agreement that it was impossible to do this, the court was bound to deny the prayer in that portion of the motion.

As to the other portion, by which it was sought to compel the appellee to set out the accumulated rents, the statement of the amended claim showed the amount she admitted to be due from her to Wolfe at the time of his death. The motion to make more specific was, therefore, correctly overruled.

The next alleged error relates to the demurrer of the appellee to the second paragraph of the appellant's answer. It was averred in this paragraph that no annual settlement had been made between the parties and indorsed on the agreement.

This has been fully disposed of by what has just been said in reference to the motion to make more specific.  The ruling was correct.

Did the court err in overruling the motion for a new trial?

The signature of the appellant's decedent to the written agreement was properly proved, after which the instrument was introduced in evidence.  No evidence was offered by the appellant.  As we have seen, the instrument contained an admission of an indebtedness and a promise to pay at a certain time.  This was sufficient evidence to entitle the appellee to recover.  The evidence, we think, fully sustains the finding.  The amount of recovery is also fully justified by the evidence.

The court committed no error in admitting in evidence the agreement in controversy.  It was properly shown to

have been signed by the decedent, and this was all the pre-requisite to its competency that the law demanded.

The last error complained of is the refusal of the court to modify the judgment. The court found that only $1,022 of the indebtedness was then due; that $1,000 would be due November 19th, 1890, and $3,000 more on November 19th, 1893. If any error was committed in thus permitting the appellant to pay the debt in instalments instead of finding that it had all become due, it was in favor of the appellant and, therefore, harmless. But we think the finding of the court in this respect was fully justified by the evidence. The instrument sued upon provides that in the event of Wolfe's death, prior to that of the claimant, the entire $5,000, with the accumulations thereon, was to be paid. It then proceeds to state how it shall be paid, viz.: One-fifth in one year; one-fifth in two years, and three-fifths in five years after Wolfe's death. The first amount was not due when the claim was filed, but it became due before the time of the allowance. The statute provides that the claim shall be filed, whether due or not.

There was no error in overruling the motion to modify the judgment.

This disposes of all the questions made by the record and argued by counsel. We have not been able to discover any errors for which the judgment should be reversed. The claim seems to be a just one and was so regarded by the court. No meritorious defence has been shown to it, and no good reason has been urged against its payment.

The judgment is, therefore, affirmed.

Filed Oct. 27, 1891.