## WOODS, EXECUTOR, v. MATLOCK.

[No. 2,313.    Filed Nov. 24, 1897.    Rehearing denied Feb. 24, 1898.]

DECEDENTS' ESTATES.—*Claims Against.*—*Form Of.*—A claim against a decedent's estate need not be in the form of a regularly drafted complaint, but a succinct and definite statement showing *prima facie* indebtedness of the estate to the claimant, due, or to become due, and setting forth the demand with sufficient clearness to apprise the defendant of the nature of the claim, and to bar another action for the same demand, is sufficient. *p. 366.*

CONTRACTS.—*Promise to Make Provision by Will.*—A promise upon a valuable consideration to make provision by will is a valid contract, and an action will lie for its breach. *p. 366.*

DECEDENTS' ESTATES.—*Promise of Decedent to Pay Certain Sum of Money at Time of Death.*—An express promise to pay a certain sum of money at or after the death of promisor, if founded upon a valuable consideration, may be enforced after his death against his estate. *pp. 366, 367.*

TRUSTS.—*May bē Created by Parol.*—A trust in personal property may be created and established by parol. *p. 367.*

SAME.—*Transfer of Personal Property by Parol.*—Personal property may be, by parol, transferred by the owner thereof to another in trust for a third person. *p. 367.*

DECEDENTS' ESTATES.—*Claims.—Demand.*—No demand of the administrator was necessary before filing a claim against a decedent's estate for money which decedent received and promised to pay claimant at or after promisor's death. *p. 367.*

APPEAL AND ERROR.—*Record.—Instructions.*—Instructions not set out in the record cannot be considered on appeal. *p. 367.*

SAME.—*Bill of Exceptions.*—The bill of exceptions must be filed in the clerk's office after being signed by the judge. *p. 368.*

From the Rush Circuit Court.    *Affirmed.*

*W. A. Cullen* and *John D. Megee*, for appellant.

*Ben L. Smith, Claude Cambern, Donald L. Smith, Douglas Morris, Samuel L. Innis* and *Wallace G. Morgan*, for appellee.

BLACK, J.—This was a claim against the estate of Lewis J. Offutt, deceased. The appellant's demurrer to the second and third paragraphs severally of the complaint or statement of claim, for want of sufficient facts, was overruled. In the second paragraph it was alleged that the decedent "is indebted to" the claimant "in the sum of $2,500.00, which sum decedent received from his mother, Mary H. Offutt, who was the grandmother of this claimant, on or about the —— day of June, 1890, which sum the decedent agreed to hold in trust for this claimant until his death, and then he was to cause the same to be paid to this claimant by a proper provision in his will; that said decedent failed to make any provision in his will for the payment of said sum so held in trust for this claimant, and said claimant has never received any part of said trust fund, and there is now due him, on account thereof, the sum of $2,500.00." In the third paragraph it was alleged that "said decedent is in-

debted to" the claimant "in the sum of $2,500.00,
which sum decedent received from his mother, Mary
H. Offutt (who was the grandmother of this claimant),
on or about the 15th day of June, 1890, which sum
the decedent agreed to hold in trust for this claimant
until the death of decedent, at which time the same
was to be paid to this claimant; that said Lewis J.
Offutt died on the 13th day of April, 1895, without
paying said sum to claimant, or any part thereof, and
the same is due and unpaid; and he demands judg-
ment for the same, with interest from said 13th day of
April, 1895, and all proper relief."

The statute, section 2465, Burns' R. S. 1894 (2310,
Horner's R. S. 1897), provides for the filing of "a
succinct and definite statement" of a claim against a
decedent's estate.   A formally drafted complaint is
not necessary.   A succinct and definite statement,
showing *prima facie* indebtedness of the estate to the
claimant, due or to become due, and setting forth the
demand with sufficient clearness to apprise the de-
fendant of the nature of the claim, and to bar another
suit for the same demand, is sufficient.  *Hileman* v.
*Hileman*, 85 Ind. 1; *Huston* v. *First Nat'l Bank*, 85
Ind. 21; *Davis* v. *Huston*, 84 Ind. 272; *Lockwood* v.
*Robbins*, 125 Ind. 398; *Miller* v. *Eldridge*, 126 Ind.
461; *Taggart* v. *Tevanny*, 1 Ind. App. 339.   Each of
the paragraphs under consideration seems to be suf-
ficiently definite to serve as a statement of a claim
against the decedent's estate.   The contention of
counsel relates rather to the nature of the claims than
to the manner of stating them.   A promise upon a
valuable consideration to make provision by will is
a valid contract, and an action will lie for its breach.
*Caviness* v. *Rushton*, 101 Ind. 500; *Bell* v. *Hewett*, 24
Ind. 280; *Roehl* v. *Haumesser*, 114 Ind. 311.   An ex-
press promise to pay a certain sum of money at or

after death of the promisor, if founded upon a valuable consideration, may be enforced after his death against his estate. *Price* v. *Jones*, 105 Ind. 543, 55 Am. Rep. 230; *Wolfe* v. *Wilsey*, 2 Ind. App. 549; *Garrigus* v. *Home, etc., Society*, 3 Ind. App. 91; *Caviness* v. *Rushton, supra.* It is well established that a trust in money may be created and established by parol. *Mohn* v. *Mohn*, 112 Ind. 285; *Talbott* v. *Barber*, 11 Ind. App. 1; *Thornburg* v. *Buck,* .13 Ind. App. 446; *Hon* v. *Hon*, 70 Ind. 135. Personal property may, by parol, be transferred by the owner thereof to another in trust for a third person. *Haxton* v. *McClaren*, 132 Ind. 235.

We need not go into the question whether the relation between the testator and the appellee, for whose benefit the testator's promise was made, was technically that of trustee and *cestui que trust*, or of debtor and creditor, under either paragraph of the statement of claim. Nothing remained to be enforced by a court except the payment of the money which was to be bequeathed to the appellee or to be paid him out of the estate of decedent. It is sought, not to follow a specific fund, but to enforce payment of a certain amount. No demand was necessary before the filing of the claim. It was not due until the death of the appellant's testator. The filing of a claim against a decedent's estate is a sufficient demand upon the personal representative. *Walker* v. *Heller*, 104 Ind. 327.

The appellant's motion for a new trial was overruled. One of the causes assigned was the giving of a certain instruction to the jury. The instruction is copied in the motion for a new trial, but it does not otherwise appear from the record that it or any other instruction was given. We cannot regard it as a part of the record merely because the appellant set it out in his motion.

All other questions raised by the motion for a new trial are dependent upon a bill of exceptions, which, as counsel of the appellee have pointed out to us, is not properly in the record, for the reason that it does not appear to have been filed after it was signed by the judge; that is, it appears upon its face to have been signed at a date subsequent to the day on which it is shown by the record to have been filed. We are prohibited by many decisions from considering any question which it is sought to present by this bill.

The judgment is affirmed.

Henley, J., took no part in this decision.