## MURRAY ET AL. v. CAZIER.

[No. 2,798.    Filed April 20, 1899.    Rehearing denied Jan. 5, 1900.]

HUSBAND AND WIFE.—*Lease.*—*Presumption.*—Where a wife joins with her husband in a lease, it will be presumed, in the absence of a special agreement to the contrary, that the inducement for the release of her inchoate interest, as to the grantee, was the consideration paid to her husband. *p. 601.*

LANDLORD AND TENANT.—*Rents.*—*Descent.*—Rents coming due after the landlord's death go to the heir as an incident of the reversion. *p. 602.*

SAME.—*Lease.*—*Rents Accruing After Lessor's Death.*—A provision in a lease by a husband, that rents accruing after his death shall be paid to his widow, is invalid, as an attempted testamentary devise. *p. 603.*

SAME.—*Lease.*—*Rights of Widow as to Rents Accruing After Husband's Death.*—A widow, as the survivor of her husband, cannot maintain an action on a lease for rents accruing after her husband's death, although she may have joined with her husband in the execution of the lease. *p. 604.* Black, J., dissenting.

From the Noble Circuit Court.    *Reversed.*

*M. H. Cazier* and *L. W. Welker* for appellants.
*H. G. Zimmerman* and *R. P. Barr,* for appellee.

ROBINSON, J.—Appellee's complaint shows these facts: In 1894 Murray Cazier was the owner and in possession of certain described real estate; that he and his wife, appellee,

executed a written lease whereby they leased "his farm of 160 acres of land" as described, for three years from April 1, 1895, to one Resler. The lease was signed by all three of the parties, and provided that certain rent should be paid by Resler to "the parties of the first part," and that in the event of Murray Cazier's death during continuance of lease the rent should be paid to appellee, who was to use it in paying taxes on the land, repairing fences, in support of herself and family, and the balance if any in payment of debts if any against Murray Cazier; that Murray Cazier died in 1897 leaving appellee surviving him. She brings this suit for rent accruing after his death.

Appellants, who are the heirs of Murray Cazier, were substituted as defendants upon application, under the statute, by Resler who paid into court the rent due and was discharged from liability.

A wife has no interest in her husband's lands which she can convey by separate deed; but she does have an interest which she can release by joining with her husband, and such release may be a valuable consideration. If she joins her husband in a deed, in the absence of any special agreement, it will be presumed that the inducement for her release, as to the grantee, was the consideration paid to her husband, and not that she was separately paid or promised anything by the grantee. See *Jarboe* v. *Severin*, 85 Ind. 496; *Worley* v. *Sipe*, 111 Ind. 238; *Worth* v. *Patton*, 5 Ind. App. 272.

In the case at bar appellee had only an inchoate interest in the land leased at the time of the lease. Although an interest, it is not a present estate. It constitutes no diminution of the husband's present estate. He had the right to convey the fee without her, subject only to the purchaser's being devested of one-third on certain contingencies. Her joining in the conveyance simply barred the contingencies which would give her a vested estate. The owner of the land, the husband, had entire control over the rents during his lifetime and could direct their payment to whomsoever he

pleased. The fact that the rents were to be paid to the husband and wife could neither enlarge nor diminish her rights or interest in the land. Her joining in the lease affected only what would become her's under the statute or by will at his death. See *McCormick* v. *Hunter*, 50 Ind. 186; *Strong* v. *Bragg*, 7 Blackf. 62; *May* v. *Fletcher*, 40 Ind. 575; *Thompson* v. *McCorkle*, 136 Ind. 484; *Bever* v. *North*, 107 Ind. 544; *Hudson* v. *Evans*, 81 Ind. 596.

Had there been a note or other obligation, independent of the lease, given to secure the payment of rent, and made payable to the husband and wife, the doctrine of *Abshire* v. *State*, 53 Ind. 64, might apply.

But the unaccrued rents were neither real estate nor personal chattels in possession. Appellee's right to what she now claims did not become vested during her husband's life. The rents had not yet accrued. They did not become a debt due until after the husband's death. Nor can such rents be described as accounts. *Watson* v. *Penn*, 108 Ind. 21.

A rent is defined as "a right to a certain profit issuing annually, or rather periodically, out of lands and tenements corporeal in retribution (reditus) for the land that passes." 2 Minor's Insts., 32; Gilbert Rents, 9; 1 Th. Co. Lit. 442; Taylor Landlord & Tenant, §369.

The rent is not a part of the thing demised, but simply a profit issuing out of it. This profit goes to the owner of the land. It must be originally reserved to the lessor, because it is a return for his land. As the rent accrued he could do as he pleased with it, for it then became as any other debt due. It is quite true that rent may be assigned by a lessor before it becomes due, so as to devest the lessor of all right of action for such rent. But rents coming due after the landlord's death go to the heir as an incident of the reversion. If the landlord was seized in fee, the reversion passes to the heir or devisee, and so the rent would go to the heir or devisee. Rents like those at bar are in the nature of chattels real, and until they have become due they

are annexed to the real estate, and are an incident of the reversion. See *King* v. *Anderson,* 20 Ind. 385; *Evans* v. *Hardy,* 76 Ind. 527; *Hankins* v. *Kimball,* 57 Ind. 42; *Watson* v. *Penn,* 108 Ind. 21; 2 Minor's Insts., 47; Gilbert Rents 66; Bacon Abr. Rent, H.

It has been held that a written instrument executed by a decedent in his lifetime acknowledging an indebtedness for money received, and containing a promise to pay after his death was a contract in the nature of a promissory note, and not an attempted testamentary disposition of property, and such is the holding in *Wolf* v. *Wilsey,* 2 Ind. App. 549, cited by appellee's counsel. But we fail to see how the case at bar can be controlled by the holding in that case. See, also, *Caviness* v. *Rushton,* 101 Ind. 500; *Price* v. *Jones,* 105 Ind. 543.

Keeping in view the nature of the estate held, and the characteristics of a rent, we think it follows that a disposition of rents that are to fall due after the landlord's death must necessarily be testamentary in its character, and must be made with the required statutory formalities. See *Rubottom* v. *Morrow,* 24 Ind. 202, 87 Am. Dec. 324; *Doe, etc.,* v. *Lanius,* 3 Ind. 441, 56 Am. Dec. 518.

That part of the lease directing the rents after the husband's death to be paid to appellee was simply an attempt on his part to dispose of that much of his estate after his death. It vested no present interest, but was an attempted disposition to take effect after death. It discloses the intention of the husband respecting the posthumous destination of that part of his property. See *Moore* v. *Stephens,* 97 Ind. 271; *McCarty* v. *Waterman,* 84 Ind. 550; *Stroup* v. *Stroup,* 140 Ind. 179; 19 Central Law Journal 46. See also *Turner* v. *Scott,* 51 Pa. St. 126; *Crocker* v. *Smith,* 94 Ala. 295, 10 South. 258, 16 L. R. A. 576; *Wren* v. *Coffey,* (Texas Civ. App.), 26 S. W. 142. The demurrer to the complaint should have been sustained. Judgment reversed.

Henley, J., absent.

Murray *v* Cazier.

## On Petition for Rehearing.

Robinson, J.—In the original opinion the complaint was held bad. It is now argued that the complaint shows at least that appellee was entitled to one-third of the rents as widow of Murray Cazier. But the complaint does not show that appellee took any of the real estate described in the lease upon her husband's death. It is not stated whether Murray Cazier died testate or intestate. It does not necessarily follow that because appellee survived as widow she took any part or all of this particular real estate. She may have taken it all or she may have gotten none of it. She does not show that upon his death she became the owner of all or of any part of the land leased. Besides she does not sue as an heir or as a devisee of Murray Cazier; but she sues as the survivor named in the lease, and seeks to enforce only such rights as she claims are hers under the lease. She sues upon the lease. She seeks to enforce the terms of the lease. Her action is based upon that theory and none other. What rights she may have to rents as owner of the land or any part of it after her husband's death is not presented by the complaint. The original opinion simply holds that she can not maintain an action on the lease as the survivor of her husband. The answer pleaded was good against a demurrer, and the demurrer to the answer should have been overruled. But as the complaint, upon the only theory it can have, did not state a cause of action against either the tenant or those interpleaded, the demurrer to it should have been sustained.

Petition overruled.

Black, J., dissents.