SCHWEITZER v. SMITH, ADMINISTRATOR.

[No. 10,683.   Filed January 27, 1921.]

1. EXECUTORS AND ADMINISTRATORS.—Claim Against Decedent's Estate.—Sufficiency.—A claim against a decedent's estate for money and merchandise furnished, the verification of which recited that the articles and cash "were furnished to decedent at her special instance and request and under promise from her to affiant, that the same would be fully paid out of her estate after her death, and were furnished by this affiant

under said promise and agreement and not otherwise," was sufficient, although the averment of the promise to pay appears in the verification instead of in the body of the claim. p. 684.

2. EXECUTORS AND ADMINISTRATORS.—*Decedent's Promise to Pay After Death.—Validity.*—A promise that goods furnished promisor during her lifetime shall be paid for out of her estate after her death is valid. p. 684.

3. LIMITATION OF ACTIONS.—*Promise to Pay After Death.— Commencement of Time.*—The statute of limitations does not commence to run against a promise to pay after death until after the death of the promisor. p. 684.

4. FRAUDS, STATUTE OF.—*Claim Against Decedent's Estate.— Delivery of Goods.—Acceptance.*—A claim against a decedent's estate showing that goods and cash had been "furnished" showed a delivery which took the sale out of the statute of frauds (§7469 Burns 1914, §4910 R. S. 1881), since if they were furnished they were received and accepted. p. 684.

From Switzerland Circuit Court; *F. M. Griffith,* Judge.

Action by Christ Schweitzer against the estate of Sarah K. Bales, deceased, Leonard E. Smith, administrator. From a judgment for defendant, the plaintiff appeals. *Reversed.*

*A. M. Caldwell, George B. Hall* and *George B. Hall, Jr.,* for appellant.

*C. S. Tandy,* for appellee.

NICHOLS, J.—Action by appellant commenced by filing his claim in usual form against the estate of appellee's decedent for money loaned and goods and merchandise furnished such decedent, at her special instance and request, covering a period from August 8, 1907, to August 29, 1916, aggregating $599.80. The money and goods were furnished at divers times during said period, and in divers amounts. The claim was verified, it appearing in the verification that the articles and cash "were furnished to decedent at her special instance and request and under promise from her to affiant, that the same would be fully paid out of her

estate after her death, and were furnished by this af-
fiant under said promise and agreement and not other-
wise."

A demurrer to the claim was sustained, and, appellant
failing to plead further, judgment was rendered in favor
of appellee for costs.    The ruling of the court in
1.    sustaining the demurrer is the only error pre-
sented.    The claim apprised appellee of the
nature of the action, the amount demanded, and shows
enough to bar another action.    The fact that the aver-
ment of the promise to pay after death appears in the
verification, instead of in the body of the claim can
make no difference; it is sufficient.    *Stewart, Admr.,* v.
*Small* (1894), 11 Ind. App. 100, 38 N. E. 826.    Appellee
contends that the claim shows on its face that
2-3.    it is barred by the statute of limitations, appel-
lant, after the ruling on demurrer, having dis-
missed all items within six years of the date of the death
of appellee's decedent.    But the promise to pay was
after death, and such a promise is valid.    *Wolfe, Admr.,*
v. *Wilsey* (1891), 2 Ind. App. 549, 28 N. E. 1004;
*Woods, Exr.,* v. *Matlock* (1898), 19 Ind. App. 364, 48
N. E. 384.    And the statute did not commence to run
until the debt was due, which was after her death.

Appellee further contends that the action involves a
sale or transfer of personal property exceeding the value
of $50, and that it is therefore within the statute
4.    of frauds.    But the claim shows that the goods
and cash had been furnished, which, of course,
means that they had been accepted and received.    De-
livery takes the case out of the statute.    §7469 Burns
1914, §4910 R. S. 1881; *Barkalow* v. *Pfeiffer* (1871), 38
Ind. 214.    The claim stated a cause of action.    Judg-
ment reversed, with instructions to the trial court to
overrule the demurrer to the claim, and for further pro-
ceedings.